# Buford *v.* Christian.

## *Trespass Quare Clausum Fregit.*

(Decided Jan. 2, 1907. 42 So. Rep. 997.)

1. *Appeal; Harmless Error; Pleading.*—Any error in striking special pleas is rendered harmless where the matters set up therein were admitted under the general issue.

2. *Same; Admission of Evidence.*—Defendant was not prejudiced by the admission of evidence as to his acts on the land after the commencement of the suit where the recovery was for nominal damages only.

3. *Same; Failure to Present Question Below.*—Where instructions, if misleading, could have been cured by requested instructions in the court below, but no such request was made, it was harmless error to give them.

4. *Trespass; Right of Action; Plaintiff's Possession.*—The fact that plaintiff's tenant, without notice to plaintiff, attorned to the defendant, did not destroy plaintiff's possession so as to preclude her from maintaining an action of trespass.

5. *Trial; Instructions; Application to Evidence.*—Where the evidence showed that the defendant's acts were not acts of adverse possession but were purely trespasses, it was proper to refuse an instruction to the effect that there should be a verdict for the defendant if he was in adverse possession of the lands.

[Buford v. Christian.]

6.  *Appeal and Error; Trial Court's Discretion.*—The action of the
    presiding judge whether he certifies or refused to certify un-
    der the provisions of Section 1326 of the Code, so as to fix the
    amount of costs on plaintiff in excess of the amount of judg-
    ment or not, is not reviewable on appeal; nor can the action
    of the judge, as to such matter, be controlled by mandamus.

APPEAL from Madison Circuit Court.

Heard before Hon. PAUL SPEAKE, Special Judge.

Action by Anna V. T. Christian against John William
Buford. From a judgment in favor of plaintiff, defend-
ant appeals. Affirmed.

This was an action of trespass to realty, and contained
a number of counts not necessary to be here set out. It
is not deemed necessary to set out the pleas that were
stricken, as the matters therein set up were permitted
to be introduced under the general issue, which was
that the defendant was in the quiet possession of the
land on which trespass was charged, and was cultivating
the same when the plaintiff entered upon said land,
ploughed up, trampled down and destroyed the plain-
tiff's crop and erected a wire fence across said land. The
evidence tended to support the plaintiff's contention as
to the ownership of the land, and there was evidence
tending to support the defendant's contention, that at
the time of the alleged trespass he was in possession of
the land. It was shown that one Baker became the ten-
ant of plaintiff, but without notice thereof, paid the rent
to the defendant. The court, at the request of the plain-
tiff,gave the following charges: 11. I charge you gen-
tlemen, that as a matter of law, James Baker while in
possession of the lands in dispute as tenant of Mrs. Troy
or the tenant of Mrs. Christian could not surrender
possession of the same to the defendant so as to vest him
with such possession as would in law defeat this action,
without the consent of the landlord from whom he rent-
ed the same. Charge 12. I charge you as a matter of
law that even if the defendant had made an agreement
with James Baker, at a time when he was the tenant
either of Mrs. Troy or of Mrs. Christian, whereby the
defendant, Buford was to work certain other land in
consideration of which the said Baker was to hold and

[Buford v. Christian.]

work the lands in dispute until the termination of the four year lease and such agreement was oral and not in writing the same was void, and even had such agreement been made in writing, between the said Baker and the defendant, without the knowledge and consent of the person from whom Baker rented said lands, the same would not constitute a defense to this action or constitute the same. The court refused to give the following charges requested by the defendant. 2. If the jury believe from the evidence that the defendant was in adverse possession of the land described in the complaint, at the time of the alleged commission of the act complained of, they must find for the defendant. 26. If the jury believe from the evidence that the defendant entered into the possession of the real estate described in the complaint some months prior to the alleged trespass and that his possession was adverse to the plaintiff, and that shortly before said alleged trespass, plaintiff entered upon said land by force and destroyed defendant's crops and erected a fence across his possession, then I charge you that plaintiff has not shown such a possession as would entitle her to maintain this suit. There was judgment for plaintiff and her damages were assessed at $1.00. The plaintiff moved the court to certify under the statute, that the case was in tort, and that the jury should have awarded the plaintiff more than $20.00 damages, whereupon the court made such certificate as is required by section 1326 of the Code and filed the same with the clerk of the circuit court. The defendant objected to this and upon the submission of this cause, filed an application to this court to require the presiding judge to strike this certificate. This application was denied.

COOPER & FOSTER, PETTY & DRAKE, and HENRY A. BRADSHAW, for appellant.—The court erred in striking defendant's pleas 8 and 9.—*Stewart v. Tucker*, 106 Ala. 322. The court erred in admitting the evidence tending to show that defendant removed the fence after the bringing of the suit and of his having gathered corn also. These were not admissible in aggravation of damages.—*Stein v. Burden*, 24 Ala. 130. The court erred in

[Buford v. Christian.]

refusing charges Nos. 2 and 26 requested for defendant.
—*Cooper v. Watson,* 73 Ala. 252; *Beatty v. Brown,* 76
Ala. 267; *Stewart v. Tucker, supra; Garrett v. Sewell,*
108 Ala. 521. There was no question of vindictive or
exemplary damages in this action.—*Wilkerson v. Searcy,*
76 Ala. 181; *L. & N. R. R. Co. v. Bizzell,* 131 Ala. 429.
This being true defendant's motion should have been
granted taxing plaintiff with the cost in excess of one
dollar, the amount of the recovery.—Section 1326, Code
1896.

S. S. PLEASANTS and M. H. LANIER, for appellee.—If
the court committed error in striking pleas 8 and 9, it
was error without injury since defendant got the full
benefit of these pleas in the testimony and under the
general issue.—*Garrett v. Sewell,* 108 Ala. 521; *Ameri-
can Company v. Ryan,* 112 Ala. 347; *Lunsford v. Wal-
ker,* 93 Ala. 38; *Rogers v. Brazzeal,* 34 Ala. 514; 36 Ala.
140; 47 Ala. 343; 109 Ala. 307; 111 Ala. 586; 112 Ala.
465. If the court erred in permitting proof of more than
one trespass it was error without injury as only nomi-
nal damages were awarded.—*Warrior C. & C. Co. v.
Mabel Mining Co.,* 112 Ala. 624; *Garrett v. Sewell, su-
pra.* The evidence was admissible on the question of
vindictive damages.—*Day v. Woodworth,* 13 How. 363;
1 Sedgwick on Damages, Sections 361, 3 and 4; *Gar-
rett v. Sewell, supra.*

TYSON, C. J.—This is an action of trespass quare
clausum fregit. To the complaint the defendant, in ad-
dition to the plea of the general issue, filed two special
pleas, numbered 8 and 9, which were, on motion, strick-
en from the file. The matters set up in these pleas were
allowed to be shown under the general issue. It thus
being made to affirmatively appear that the defendant
had the full benefit of the pleas on the trial, the striking
of them, if error, was clearly harmless.—*L. & N. R. R.
Co. v. Hall,* 131 Ala. 161, 32 South. 603.

Since the plaintiff only recovered nominal damages
($1), the defendant was not prejudiced by the admis-
sion in evidence of his conduct with respect to the land
in controversy after the commencement of the action.

[Buford v. Christian.]

"The gist of the action is the injury done to the possession; and, of consequence, to support it the plaintiff must show that, as to the defendant, she had at the time of the alleged injury rightful possession, actual or constructive. Of course, if he has title to the property alleged to have been trespassed upon, he has constructive possession of it, unless he has parted with the possession, conferring on another the exclusive right of enjoyment, against whom he has not the right of immediate possession."—*L. & N. R. R. Co. v. Hall, supra.* The evidence clearly authorized the jury to find that the land upon which the alleged trespass was committed belonged to the plaintiff, and that she had either the actual or constructive possession of it at the time the trespass was committed. The affirmative charge requested by defendant was, therefore, properly refused.

The atornment of Baker, while the tenant of plaintiff, to the defendant, without notice to the plaintiff, did not destroy her possession.—*Fleming v. Moore,* 122 Ala. 399, 26 South. 174. Charges 11 and 12, given at plaintiff's request, as we construe them, assert no more than this principle. If it was perceived that they were calculated to mislead the jury, this could have been corrected by requested instructions.

Charges 2 and 26, requested by defendant, were properly refused. Under the undisputed testimony the land described in the complaint belonged to the plaintiff, and the act of possession, relied upon and asserted in these charges as constituting adverse possession, was, under the testimony, a trespass pure and simple. Indeed, the defendant, in his testimony, shows that he does not, and never did, assert any right, title, or claim to any land in section 12, upon which the trespass in the complaint in this case is alleged to have been committed.

The only remaining point insisted upon is that the presiding judge erroneously certified that plaintiff should have been awarded greater damages than $20 by the jury. This certificate was authorized by section 1326 of the Code of 1896, which is in this language:

"In all actions to recover damages for torts the plaintiff recovers no more costs than damages, where such damages do not exceed twenty dollars, unless the presiding judge certifies that greater damages should have been awarded; and on failure to certify, judgment must be rendered against the plaintiff for such residue." The action of the presiding judge in refusing to certify, or in certifying, under the statute, is not made revisable under the statute by this court, and, therefore, cannot be reviewed. The exercise of this power or authority committed to him by the statute is similar to that formerly exercised by the judges of the circuit courts in disposing of motions for new trials, which rulings were not revisable by this court until made so by statute.—2 Brick. Dig. 276, § 1. And at this time the disposition of a motion for new trial by the probate court is not revisable; neither is it in criminal cases, nor is the action of a trial court in refusing to set aside a judgment by default.—*Haygood v. Tait,* 126 Ala. 264, 27 South. 842; *Beatty v. Hobson,* 133 Ala. 270, 31 South. 946; *Walker v. State,* 91 Ala. 76, 9 South. 87.

But it is insisted that the action of the judge here complained of will be controlled by mandamus, and to this end a motion is made. We are clearly of the opinion that his act cannot be revised in this way. It can no more be the office of a writ of mandamus to revise the act of the presiding judge in the matter sought to be revised than it would be the function of the writ to review his ruling upon a motion for a new trial, if no appeal was provided by statute. The motion must, therefore, be denied.

No error being shown of prejudice to apellant, the judgment appealed from must be affirmed.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.