# Reid *v.* Sloss-Sheffield Steel & Iron Co.

### *Injury . to Servant.*

(Decided February 8, 1912.   Rehearing denied April 25, 1912.
58 South. 301.)

1. *Master and Servant; Injury to Servant; Action; Pleading.*—
Where the complaint charged that the injury resulted from the
catching of plaintiff's hand in the disk of the engine, a plea setting
up negligence of the plaintiff in placing his hand in the disk of the
engine, was sufficient, although it did not directly charge that his
negligence was the proximate cause of the injury.

2. *Same; Contributory Negligence.*—Where a servant knew that
steam was escaping from the boilers into the cylinders of the
engine, which would likely cause the disk to move, and that such
movement would result in injury while his hand was dangerously
near the disk, and with such knowledge placed his hand dangerous-
ly near the disk of the engine, he would be guilty of contributory
negligence barring recovery for the injuries received.

3. *Same.*—Where a servant was injured by the movement of a
disk of the engine on which he placed his hand while working on
the engine, and knew that his employer had equipped the machinery
with a safety device by which the steam could be cut off so as to
prevent the engine from starting, and did not so cut it off before
he started to work on the engine, he was guilty of contributory negli-
gence barring a recovery for injuries received by the sudden start-
ing of the engine.

4. *Same.*—Where a servant knew that the throttle of the engine
on which he was working was defective, and that the engine might
start up while he was at work thereon, causing injury to his arm
or hand, should it be on the disk, and nevertheless placed his arm
on said disk, he was guilty of contributory negligence barring
recovery for the injuries received.

5. *Same.*—Where the employee knew that the throttle valve on
the engine on which he was working was defective, and that steam
escaping into the cylinders would cause the engine to start when
the steam reached a certain pressure, but that that pressure could
be prevented by opening the cylinder cocks connected with the en-
gine, and failed to open them before resting his hands on the disk
of the engine, he was guilty of contributory negligence barring
recovery for injuries received from the sudden starting of the
engine.

6. *Same; Instructions.*—Where the action was for injury to an
employee received while working on an engine, a charge asserting
that if the jury were reasonably satisfied that plaintiff was guilty
of negligence which proximately contributed to his injuries in the
slightest degree, they should find for the defendant, should have
been refused.

7. *Same.*—A charge asserting that the jury must find for defend-ant if they believe from the evidence that plaintiff failed to shut off the steam from the engine, but began work thereon, and that his failure proximately contributed to his injuries, was improperly given since the question whether a failure to shut off the steam before beginning work was negligent, was for the jury.

8. *Pleading; Contributory Negligence; Sufficiency.*—A plea alleg-ing that plaintiff was himself guilty of contributory negligence proximately contributing to his injuries in that well knowing the engine on which he was at work would probably start and injure him if the steam was not shut off, but nevertheless negligently failed to shut off the steam but began the work, without showing that there was an appliance at hand for shutting off the steam or how the plaintiff could have shut it off at or before the time he was injured, was insufficient, and stated a conclusion.

9. *Charge of Court Misleading.*— A cause will not be reversed for the giving of charges which were merely misleading, in the absence of a request for charges explanatory thereof.

(McClellan, Mayfield and Somerville, JJ., dissent.)

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by J. M. Reid against the Sloss-Sheffield Steel & Iron Company. From a judgment for defend-ant, plaintiff appeals. Reversed and remanded.

The first count alleges that plaintiff's hand was caught in the disk or side rods of said engine, and one of his fingers cut off, and it is alleged that it was owing to a defect in said engine, in that the steam valves or throttle valves permitted steam to leak into the cylin-ders, causing the engine to start up suddenly. Prac-tically the same defect is alleged in the second count.

The following were the pleas referred to in the com-plaint:

"(18) To each count of the complaint: Defendant says that plaintiff was aware that steam was escaping from the boilers into the cylinders of said engine, and that this would probably cause the disk and side rod on said engine to move at any moment, and with knowledge and appreciation of the danger arising therefrom he voluntarily placed his said hand on said

disk or side rod, without necessity therefor, and received the said injury.

"(19) To each count of the complaint: That the plaintiff was himself guilty of negligence which proximately contributed to his said alleged injuries in this: That plaintiff, with knowledge that steam was escaping from the boilers into the cylinders of said engine, and in danger of causing the disk or side rods of said engine to move, and with knowledge that, should the said disk or side rod move while his hand or arm was on or dangerously near the same, injury would result to him, nevertheless negligently placed his hand or arm on or dangerously near said disk or side rod on said engine, whereby, and as a proximate consequence thereof, the said disk or side rods moved, and injured him as aforesaid.

(20) To each count of the complaint: That plaintiff himself was guilty of negligence which proximately contributed to his said alleged injuries in this: That the defendant had equipped the said machinery with a safety device by which the steam could be cut off, so as to prevent the engine from starting, owing to the defective valve, while work was being done on said engine, and defendant avers that plaintiff knew of this safety device, and knew that by using it the steam could be cut off, and the engine prevented from starting while he was working upon it, and defendant further avers that plaintiff knew that, if the steam was not cut off, the engine would likely or probably start while he was working on it, and injure him, but nevertheless the plaintiff failed to cut off the steam by means of said safety device before beginning work on said engine, and received the said injuries.

"(21) To each count of the complaint: That plaintiff was himself guilty of negligence which proximately

contributed to his said injuries in this: Plaintiff, well knowing the engine on which he was at work would likely or probably start and injure him if the steam was not shut off, nevertheless negligently failed to shut the steam off said engine, and received his said injuries.

"(22) To each count: Plaintiff was himself guilty of negligence which proximately contributed to his said injuries in this: Plaintiff well knowing that the steam valve or throttle was defective as alleged, and that the engine would likely or probably start up while he was at work on the same, and that, should the said engine start while his arm or hand was on the disk or side rod on said engine, he would probably be injured, nevertheless plaintiff negligently placed his arm which was injured on the said disk or side rod, and received his injury."

"(25) To each count: Plaintiff himself was guilty of negligence which proximately contributed to his injury in this: That plaintiff, at and before the time of receiving his said injury, knew that the throttle valve of the said engine was defective, and that, when said throttle valve was closed, steam would nevertheless pass from the boilers into the cylinders of said engine, and would cause said engine to move, and that it was dangerous for him to place his hand on the disk or rods of said engine, or between said disks and said rods; and plaintiff knew that there was another and safer way for him to do the work in which he was engaged at the time he was injured, nevertheless plaintiff negligently placed his said hand at the place where the same was injured, and as a proximate consequence thereof was injured as alleged."

"(27) As amended (to each count of the complaint): That plaintiff was himself guilty of negli-

gence which proximately contributed to his said injury in this: That he negligentiy caused or allowed his said hand to be on or dangerously near the disk or side rods of said engine, or between said disk and said side rods, knowing that it was dangerous to cause or allow his said hand to be at said place, or in said position, and knowing that the throttle valve of said engine was defective, and that steam was passing from the boilers into the cylinders of said engine, and that said steam would probably cause said engine to start up when said steam reached or acquired a certain pressure in said cylinder, and that said certain pressure could be prevented by opening the cylinder cocks or valves then and there connected with said engine; nevertheless plaintiff negligently failed to open said cylinder cocks or valves before causing or allowing his hands to be at said place or in said position."

The following charges were given for the defendant:

(1) "If you are reasonably satisfied, from all the evidence in the case, that plaintiff negligently failed to open the cylinder valves on the engine before placing his hand at the place or about said engine where it was injured, and that said negligent failure contributed to his injury, you must find for the defendant."

(2) "I charge you that, when a person enters the employment of another, he assumes all of the ordinary risks of danger to which he may be subject while pursuing the duties of his employment."

(3) "If, after considering all the evidence in this case, your minds are in a state of confusion as to what was the proximate cause of plaintiff's injury, you must find for the defendant."

(4) Same as 2.

(5) "It was the duty of the plaintiff to exercise due care to conserve his own safety, under all the circumstances; and if you are reasonably satisfied from the evidence that plaintiff's negligent failure to exercise such care, as alleged in any one of the pleas of contributory negligence, proximately contributed to plaintiff's injuries, you must find for the defendant."

(6) Same as 2.

(7) "If you are reasonably satisfied from the evidence in this case that the plaintiff was guilty of negligence which proximately contributed to his injuries in the slightest degree, you must find for the defendant."

(8) "Unless each individual juror is reasonably satisfied from the evidence that the plaintiff is entitled to recover, you cannot find a verdict for the plaintiff."

(9) "If the jury believe from the evidence that the plaintiff knew that steam was escaping from the boilers into the cylinders of said engines, and in danger of causing the disk or side rods to move, and knew that should said disk or side rods move while his hand was on or dangerously near the same, and the plaintiff negligently placed his said hand on or dangerously near said disk or side rod, and that said disk or side rod moved and injured him as alleged, the jury must find for the defendant."

(10) "Even if you find from the evidence in this case that plaintiff was injured by reason of such defect, no presumption arises from such fact that plaintiff was injured as a proximate consequence of the negligence alleged in the complaint, or in any count of the complaint."

(11) "The mere fact that plaintiff was injured raises no presumption that he was injured as a proximate

consequence of the negligence alleged in the complaint, or any count thereof."

(12) "If the jury believe from the evidence that the plaintiff was himself aware that steam was escaping from the boilers into the cylinders of said engine, and that this would probably cause the disk or side rods of said engine to move at any moment, and with knowledge and appreciation of the danger arising therefrom he voluntarily placed his said hand that was injured on the said disk or side rods of said engine without necessity therefor, and thereby received his said alleged injuries, then the jury must find for the defendant."

(13) "The jury must find for the defendant if they believe from the evidence that the plaintiff failed to cut off the steam from said engine before beginning his work of cleaning or wiping said engine, and that his said failure to cut off said steam proximately contributed to his said injuries."

(15) "If the jury believe from the evidence that the defendant had equipped said machinery with a safety device by which the steam could be cut off, so as to prevent the engine from starting, owing to the defective throttle valve, while work was being done on said engine, and the plaintiff knew of this safety device, and knew that by using it the steam could be cut off, and the engine prevented from moving while he was working on it, and if the jury further believe from the evidence that the plaintiff knew that, if the steam was not cut off, the engine would likely or probably start while he was working on it, and injure him, and that plaintiff failed to cut off the steam by means of said safety device before beginning said work on said engine, and that said engine started by reason of said steam not being cut off, and injured him then the jury must find for the defendant."

PINKNEY SCOTT, for appellant. The court should have stricken pleas 19, 22, 23, 25, 26, and 27, as plea 17 was on file, and embraced the same defenses, and the same averments. The demurrer to plea 18 should have been sustained.—*Osborn v. Ala. S. & W. Co.*, 135 Ala. 571; *Southern C. O. Co. v. Walker*, 51 South. 169; *Lockhart v. Sloss-Sheffield*, 51 South. 627; *Jones v. Pioneer M. & M. Co.*, 149 Ala. 402. Pleas 19, 20, 21 and 22 were subject to the demurrers interposed.—Authorities supra. Plea 25 was subject to the demurrer interposed.—*T. C. I. & R. R. Co. v. Herndon*, 100 Ala. 451; *Bear Creek M. Co. v. Parker*, 134 Ala. 293. Plea 27 as amended was subject to the demurrer.—Authorities supra. The court erred in giving charge 1 requested by defendant.—*So. Ry. v. Arnold*, 114 Ala. 183; *Holland v. T. C. & I. Co.; Woodward I. Co. v. Sheehan*, 52 South. 25. On the same authorities charge 3 should have been refused. The trial court erred in giving written charges 2 and 4.—*A. G. S. v. Brooks*, 135 Ala. 401. Charge 8 was improperly given.—*Crain v. State*, 52 South. 32. Counsel discuss other charges given and refused, but without further citation of authority.

TILLMAN, BRADLEY & MORROW, M. M. BALDWIN, and JOHN S. STONE, for appellee. Pleas 23, 26 and 27 were eliminated by demurrer, and hence, the assignment of eror because of a failure to strike these with other pleas mentioned cannot be sustained. Plea 18 was good and not subject to the demurrer interposed.—*Sloss-Sheffield Co. v. Knowles*, 129 Ala. 410; *Alteriac v. West Pratt Co.*, 161 Ala. 436; *George v. M. & O. R. R. Co.*, 109 Ala. 246; *So. Ry. v. Worthy*, 114 Ala. 184; *Coosa Mfg. Co. v. Williams*, 133 Ala. 606; Plea 19 was good. —*Merriweather v. Sayre M. & M. Co.*, 161 Ala. 454. Plea 20 was not subject to the demurrers interposed.

—*A. B. & A. v. Alexander,* 161 Ala. 382.  Plea 21 was sufficient.—*Gainor v. So. Ry.,* 152 Ala. 191, and authorities previously cited.  Plea 25 was not subject to demurrer.—*Carlson v. Erickson,* 51 South. 174.  Plea 27 was sufficient under the above authorities.  It is never error to give misleading charges, the duty being on the opposing party to request explanatory charges.  Counsel discuss other charges given and refused, but without further citation of authority.

ANDERSON, J.—It may be true that plea 18 does not in direct terms charge that the negligence of the plaintiff was the proximate cause of his injury, yet when considered in connection with the complaint it is sufficient.  The complaint avers that the injury resulted from the plaintiff's hand being caught in the disk or side rods, and the plea avers that he negligently placed his hand on said disk or side rod.  There was no error in overruling the demurrers to this plea.

There was no error in overruling the demurrers to pleas 19, 20, and 22, or pleas 25 and 27, as amended.

Plea 21 was subject to the plaintiff's demurrer.  The averment that the plaintiff negligently failed to shut off the steam is a mere conclusion of the pleader.  There is nothing in the plea to indicate that there was an appliance at hand for shutting off the steam, or how he could have shut off the steam, at the time he was injured.

There was no error in giving charges 1, 9, 12 and 15, requested by the defendant.

The only argument directed by appellant's counsel against the defendant's given charges 2, 3, 4, 5, 8, 10, and 11 is that they were misleading.  If they were merely misleading, they should have been explained by counter charges, and the giving of same would not work a reversal, if only misleading.

[Reid v. Sloss-Sheffield Steel & Iron Co.]

Appellant's counsel does not insist upon error in giving defendant's charge 7, which is similar to charge 5, held good in the case of *Birmingham R. R. Co. v. Bynum,* 139 Ala. 389, 36 South. 736, but which said case was criticised in the case of *Birmingham R. R. Co. v. Fox,* 174 Ala. 657, 56 South. 1013, and would have doubtless been overruled, if necessary, in said case. It should be refused, if requested, upon the next trial.

Charge 13, given at the defendant's request, should have been refused. It invades the province of the jury by, in effect, instructing that the plaintiff's failure to cut off the steam before beginning to clean the engine was negligence, when it was a question for the jury under the circumstances of the case, whether or not said failure was negligence.

The judgment of the city court is reversed and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., concurs in the opinion. SIMPSON and SAYRE, JJ., concur in the reversal as to charge 13, but think that plea 21 was not subject to the demurrer. McCLELLAN, MAYFIELD, and SOMERVILLE, JJ., are of the opinion that there was no error upon the rulings as to plea 21, or in giving charge 13, and therefore dissent as to the reversal of the case.