# *In re* State, *ex rel.* Attorney General.

## *Prohibition.*

(Decided February 15, 1914.　64 South. 310.)

*Appeal and Error; Rehearing; Application; Filing; Time.*— Where a party applies for a rehearing and deposits his application therefor in the mails for transmission to the clerk of the Supreme Court or Court of Appeals, in time for the same to have reached him in ordinary course, but because of miscarriage or delay of the mails, it did not reach the clerk within fifteen days from the date of the decision as required by rule 38, Supreme Court Practice, the application was not filed as required by said rule, and could not, therefore, be considered.

ORIGINAL petition in the Supreme Court.

The state on the relation of the Attorney General applied for a writ of prohibition to restrain the judge of the 8th judicial circuit from entertaining jurisdiction of the petition of Charles Silverman for discharge on habeas corpus from the custody of the sheriff of Morgan county, who held him under contempt proceedings from the law and equity court of Morgan county. The petition was denied June 19, 1913, and the relator applied for a rehearing under the facts as stated in the opinion. Petition dismissed.

ROBERT C. BRICKELL, Attorney General, WILLIAM L. MARTIN, Assistant Attorney General, MELVIN HUTSON, and E. W. GODBEY, for petitioner. Counsel discuss matters pertaining to the original appeal with the insistence that the application for rehearing should have been granted, and prohibition awarded. They further insist that by a deposit in the United States mails with sufficient postage for carriage, and addressed to the clerk of the Supreme Court, the application for rehearing was filed within the time required by rule 38, and

that petitioner should not be made to suffer on account of the delay or miscarriage.

WERT & LYNNE, for respondent. The original decision was handed down June 19, and the application for a rehearing did not reach the office of the clerk of the Supreme Court until July 5, 1913, hence, the application was not filed within the time required by rule 38, Supreme Court Practice, and therefore, will not be considered by the court.

PER CURIAM.—On the 19th day of June, 1913, the original application of the state of Alabama, on relation of the Attorney General, for writ of prohibition to restrain the judge of the Eighth judicial circuit from entertaining jurisdiction of the petition of Chas. Silverman for discharge on habeas corpus from the custody of the sheriff of Morgan county, exercised under an order of the law and equity court of Morgan county committing said Silverman for contempt, was denied. An opinion was delivered so concluding. Before 9 p. m. of July 3, 1913, counsel for the state posted at Decatur an application for rehearing, properly addressed to the clerk of this court at Montgomery. This application was actually received by the clerk on the morning of July 5, 1913. In due course of mail the thus posted application for rehearing should have reached Montgomery not later than noon of July 4, 1913. The term 1912-13 was adjourned by operation of law on June 30, 1913. No special or adjourned term was held. In regular order the application came on to be considered December 8, 1913, soon after the reconvening of the court for the term 1913-14. The application was stricken, "not having been filed in time," and the opinion was ordered to be and was withdrawn. The state, through

its counsel, has made seasonable application to have that order rescinded and the application for rehearing restored to the rehearing docket.

Rule 38 of Supreme Court Practice (Code, pp. 1515, 1516) reads: "Rehearings, Application, Time of Filing. —All applications for rehearing must be filed with the clerk of the court, accompanied by brief for the applicant and a certificate of counsel that a copy of such brief has been delivered to opposing counsel, within fifteen days after the rendition of the judgment whether such period extends beyond the term of the court or not; and such applications may be passed upon at any regular or special term of the court. No application shall be received or filed which is not presented in strict compliance with this rule, and no second application shall be received or filed in any case. Without the order of the court or a justice thereof, the pendency of an application for rehearing shall not stay or suspend the execution of the judgment of this court."

As appears, the unqualified requirement of the rule is that applications for rehearing "must be filed with the clerk  *  *  *  within fifteen days after the rendition of the judgment." Manifestly the posting of an application, properly addressed, is not a compliance with the rule. It must be filed within the period stipulated. The mail must and could only be the agent or agency of the party applying for rehearing. It there be delay in the transmission of the application by the mail, however free from fault or negligence the applicant may have been, it cannot be said that he has complied with this very necessary and wholesome provision of the rule. In mailing or otherwise transmitting the application, the chance of miscarriage or delay is a contingency, the happening of which the applicant must assume. Such miscarriage or delay will rarely occur; but when they

do, it not cannot be affirmed that seasonable, proper posting answers the prescription of the rule. This application for rehearing was so seasonably and properly posted as that in due course it should have reached the clerk on July 4, 1913, the last day, on which it could have been seasonably filed with the clerk. It did not reach him within time.

After full consideration the court must therefore decline to disturb its order of December 8, 1913, striking the application on that account.