**154 So. 827**

**GRAND LODGE, K. P., OF NORTH AMERICA, etc., v. WALKER.**

**6 Div. 489.**

Court of Appeals of Alabama.
April 3, 1934.

Rehearing Stricken May 8, 1934.

BRICKEN, Presiding Judge.

Suit by appellee (plaintiff) against appellant (defendant), on a policy of insurance issued to Hilliard Walker (husband of appellee) on July 28, 1925. Hilliard Walker, the insured, died on March 8, 1931; appellee being the beneficiary named in the policy. The case was tried below by the court without a jury, and judgment was rendered against defendant, and in favor of plaintiff, in the sum of $500, from which this appeal was taken.

No question of pleading is involved on this appeal. After a careful examination of

the entire record, also briefs of respective counsel, it appears that the main issue involved is whether or not the insured, Hilliard Walker, was in good standing at the time of his death. This being true, there is no necessity for an extended opinion. But slight conflict appears in the evidence, and in our opinion the trial court rendered a correct judgment. As to the propositions of law involved we are of the opinion that the Supreme Court, in the recent cases of Grand Lodge, K. P. of North America, etc. v. Archibald, 227 Ala. 595, 151 So. 454, and Grand Lodge, K. P. of North America v. Goodwin, 227 Ala. 597, 151 So. 452, has definitely settled each of these questions. In order that appellant may not be deprived of a further review, if desired, we recite the facts of this case as follows:

As stated, this was a suit by Olivia Walker against appellant on its endowment policy issued to Hilliard, the husband of appellee, on the 28th day of July, 1925.

The insured, Hilliard Walker, contracted pneumonia in the early part of February, 1931, and died on March 8, 1931. He attended the meeting of the lodge of which he was a member and which was a subordinate lodge of the fraternal order issuing the policy sued on herein, in February, 1931, on the same day on which he paid his last dues as shown on the financial card book, which was February 10, 1931, as shown by the financial card book. This card book contains this statement: "Fifth. In case of sickness or disability, you must notify the chairman of Sick Committee within 24 hours of your confinement. Sick dues allowed only from date of notice to Chairman of Sick Committee, and physician's certificate when required by the law of the subordinate lodge."

A few days after the insured got sick, plaintiff called up Alf Robinson, whose name and telephone number appear on the financial card book, and told the said Robinson, who was Chancellor Commander, that her husband was sick.

Plaintiff's witness Arthur Willingham testified that about two weeks after the insured became sick Willingham went to the lodge and called the secretary thereof, D. L. Tucker, out and offered the said Tucker $1.75 in money to pay Hilliard Walker's dues and endowment fee, which said tender was refused by the said D. L. Tucker. Some point is made out of the fact that said witness referred to D. L. Tucker as secretary of the lodge, but it appears that D. L. Tucker's name is written on the financial card in the column headed "M. of F.," meaning master of finance, and that every payment of dues made by the said Walker as listed in the financial cards is acknowledged or receipted for opposite to each payment by D. L. Tucker's initials, and it is insisted that regardless of whether the witness, who was unfamiliar with the names of the various officers, referred to him as secretary, or whatnot, the record discloses that the person he named, to wit, D. L. Tucker, and to whom he made the tender, and who refused the tender, is the very person who had been taking the dues all along.

To prolong this opinion is unnecessary. The two recent decisions of the Supreme Court, supra, are conclusive upon the point of decision here involved. No error.

Affirmed.

### On Rehearing.

PER CURIAM.

 The opinion in this case was delivered by this court on April 3, 1934. Appellant's application for rehearing was received by the clerk on April 19, 1934, more than fifteen days after the rendition of the judgment. The court is, therefore, without authority to consider the application for rehearing. It must be, and is, hereby stricken. Rule 38; In re State ex rel. Attorney General, 185 Ala. 347, 64 So. 310.