154 So. 608

### TAYLOR v. LUNSFORD et al.

2 Div. 533.

Court of Appeals of Alabama.

April 3, 1934.

Rehearing Stricken May 8, 1934.

128

Winston R. Withers, of Greensboro, and Keith & Wilkinson, of Selma, for appellees.

C. L. Kelly and Jos. H. James, both of Greensboro, for appellant.

BRICKEN, Presiding Judge.

This action was by appellees as joint plaintiffs against appellant. The case went to the jury on counts 4 and 6. Count 4 was for money had and received. Count 6 was a special count for breach of an alleged contract. The plaintiffs averred that in consideration of the sum of $680 to be paid to the defendant by the plaintiffs, the defendant agreed to furnish the material for and construct a certain roof on a certain building belonging to the plaintiffs, and that the defendant did guarantee the workmanship in the construction of said roof; that plaintiffs had complied with all of the terms of the contract to be performed by them, including the payment of the sum of $680 to the defendant; that the defendant had breached his contract in that, the defendant, his agents, servants, or employees, did

construct said roof in a negligent, faulty, careless, and unworkmanlike manner, and that as a proximate consequence thereof the said roof did leak so badly that it was unsound or unfit for service on said building, and that damages resulted therefrom. (Plaintiffs detailing their damages.) Defendant pleaded the general issue. The jury returned a verdict for the plaintiffs assessing the damage at $750, and judgment was entered accordingly.

There are several assignments of error, the principal insistence being the action of the trial court in giving several charges requested in writing by plaintiffs.

Under the evidence adduced upon the trial this case was properly submitted to the jury.

There is no insistence upon the part of appellant that the evidence was insufficient to sustain the verdict; nor is there insistence of error as to the rulings of the court upon the admission of evidence except as set forth in the eighth assignment. As stated, the main insistence is whether or not the special written charges, given at plaintiffs' request, set forth correct principles of law or were justified under the averments of the complaint.

■ The bill of exceptions in this case fails to affirmatively show that it contains all of the evidence adduced upon the trial, and the rule is where the bill of exceptions does not purport to set out all of the evidence or all its tendencies, any state of the evidence will be presumed to sustain the rulings of the court. Lewis Land & Lumber Co. v. Interstate L. Co., 163 Ala. 592, 50 So. 1036; Ventress v. Town of Clayton, 165 Ala. 349, 352, 51 So. 763; Lamar v. King, 168 Ala. 285, 289, 53 So. 279; Postal Tel. Cable Co. v. Hulsey, 115 Ala. 193, 207, 22 So. 854; Shafer v. Hausman, 139 Ala. 237, 240, 35 So. 691; Beard v. Du Bose, 175 Ala. 411, 57 So. 703, 63 So. 313; Stephens v. Walker, 217 Ala. 466, 117 So. 22. Pretermitting this rule, however, if the charges in question are misleading only, the appellant could have requested explanatory charges to correct such tendencies. Buford v. Christian, 149 Ala. 343, 42 So. 997; Green v. Southern States Lumber Co., 163 Ala. 511, 50 So. 917; Meighan v. Birmingham Terminal Co., 165 Ala. 591, 51 So. 775; Reid v. Sloss-Sheffield Steel & Iron Co., 177 Ala. 262, 58 So. 301; McCalley v. Penney, 191 Ala. 369, 67 So. 696; Johnston Bros. Co. v. Brentley, 2 Ala. App. 281, 56 So. 742; Bradford v. Birmingham Electric Co., 227 Ala. 285, 149 So. 729.

■ From the argument of appellant's counsel it appears that the action of the court in giving charges A and B, is the principal insistence of error. Charge A is as follows:

"The court charges you gentlemen of the jury that the work was done to the satisfaction of the plaintiffs' agent is no defense to the defendant in this case if, in fact the roof was put on in an unworkmanlike manner."

In addition to the application of the rule above announced, we think the court was justified in this connection under the authority of Sutton et al. v. Barter et al., 24 Ala. App. 98, 131 So. 6; Id., 222 Ala. 75, 131 So. 9.

■ There was evidence which tended to show that some damage resulted on account of the leaking roof, if there was a breach of the contract; and under the facts developed on the trial of the cause, charge B states a correct proposition of law applicable to the facts.

Under the decision of the Supreme Court in Nunnally Co. v. Bromberg & Co., 217 Ala. 180, 115 So. 230, 232, the court held as follows:

"Damages for breach of contract should restore injured party to condition he would have occupied if contract had not been violated."

■ There was no error in the ruling of the court upon the admission of evidence; assignment of error 8 cannot be sustained.

The judgment appealed from will stand affirmed.

Affirmed.

### On Rehearing.

PER CURIAM.

■ The unqualified requirement of Supreme Court Rule 38, is that applications for rehearing, "must be filed with the Clerk within fifteen days after the rendition of the judgment in the appellate courts." The rule further provides: "No application for rehearing shall be received or filed which is not presented in strict compliance with this rule."

In this case the decision rendering the judgment of affirmance of this court was handed down on April 3, 1934. The application for rehearing reached the clerk of this court on April 20, 1934, more than fifteen days after said rendition of judgment. "Not having been filed in time," the application for rehearing must be, and is hereby, stricken. Supreme Court Rule 39; In re State ex rel. Attorney General, 185 Ala. 347, 64 So. 310.

Application for rehearing stricken.