185 So. 779

## COLLINS v. STATE.

### 7 Div. 391.

Court of Appeals of Alabama

June 21, 1938.

Rehearing Stricken Jan. 10, 1939.

Scott & Dawson, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case was commenced and trial had upon an affidavit and complaint, sworn to by one W. E. Hurt, before the judge of the DeKalb County Court. The offense charged was for the violation of an act approved by

the Governor on March 2, 1937, and by its provisions became effective upon said approval, i. e., the act went into effect under its terms, on March 2, 1937, and provides for the inoculation of dogs for the prevention of rabies. General and Local Acts, Extra Session 1936–1937, page 230. The complaint reads as follows:

"Complaint

"The State of Alabama, DeKalb County

"DeKalb County Court

"Before me, W. J. Haralson, Judge of the DeKalb County Court of said County, personally appeared W. E. Hurt who, being duly sworn, deposes and says that he has probable cause for believing, and does believe, that within twelve months before making this affidavit, and in said County, Julian Collins, being the owner of or in the possession of a dog which has not been vaccinated under the Act of March 2nd, 1937, did fail or refuse to have said dog vaccinated by the State Inspector, after having been warned to do so by the officer having charge of enforcing this Act, against the peace and dignity of the State of Alabama.

"W. E. Hurt

"Sworn to and subscribed before me, this 20th day of July, 1937.

"W. J. Haralson,
"Judge DeKalb County Court.

"Filed this 20th day of July, 1937.
"L. G. McPherson, Clerk."

Demurrers based upon numerous separate and distinct grounds were interposed to the complaint, and upon consideration by the court were overruled. As will be hereinafter stated, this decision will be rested upon the action of the court in overruling said demurrers, and will be conclusive of this appeal.

■ The offense attempted to be charged is a misdemeanor, and the Statute (Section 3815, Code 1923) provides that a designation by name of such an offense may be sufficient upon which to base a prosecution by complaint or affidavit. But if instead of so designating the offense charged the party undertakes to set out the facts or constituents of the offense, it must be done with sufficient definiteness and accuracy as to enable the judge to see that an offense is charged. Further, in a criminal prosecution, it is generally sufficient to follow the words of the Statute creating or declaring the offense; but this rule does not apply when the Statute fails to prescribe with definiteness the constituent elements of the offense, for this would violate the constitutional right of accused "to demand the nature and cause of the accusation against him."

■ The complaint in this case covered a period of time twelve months anterior to its date, a larger portion of said time when the acts complained of were no offense under the law. As to this, the act in question being new, the complaint should have charged that the offense complained of was committed by the accused subsequent to or since March 2, 1937. The demurrer (grounds 10 and 11) raise this point, and the court erred in holding the demurrer was not well taken. This question needs no elaboration at our hands, the following authorities being in point on this proposition: Jinright v. State, 24 Ala.App. 277, 134 So. 456, and cases cited.

The affidavit, or complaint, supra, did not attempt to follow the language of the Statute, nor was there any designation of the misdemeanor by name, or by some other phrase, which in common parlance designates it. No sufficient statement or averment of the essential ingredients of the alleged offense appears therein. Several grounds of demurrer were directed to these defects and should have been sustained.

For the errors designated, the judgment of the lower court from which this appeal is taken is reversed and the cause remanded.

Reversed and remanded.

### On Rehearing.

The original opinion reversing and remanding this case was rendered, and the opinion handed down June 21, 1938.

■ It affirmatively appears from the application for rehearing by the State, and the certificate thereto, that the mandatory provisions of Rule 38 have not been complied with which necessitates an order here striking the application for rehearing aforesaid. Crow v. State, ante, p. 319, 183 So. 897, 907 (on rehearing).

■ The mere mailing to opposing counsel a copy of the application for rehearing and brief in support within fifteen days thereof will not suffice. Service thereof, under Rule 38, must be had with-

in the allotted fifteen days. See In re State ex rel. Attorney General, 185 Ala. 347, 64 So. 310; Ex parte State ex rel. Breitling, 221 Ala. 398, 128 So. 788; Taylor v. Lunsford et al., 26 Ala.App. 127, 154 So. 608; Grand Lodge, K. P. of North America v. Walker, 26 Ala.App. 132, 154 So. 827.

Application stricken.