187 So. 874

### WILSON v. STATE.

### 8 Div. 748.

Court of Appeals of Alabama.

March 7, 1939.

Rehearing Stricken April 4, 1939.

Harold T. Pounders, of Florence, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

The defendant was indicted and convicted on a charge of presenting a firearm, and from the judgment he appeals.

■ We have examined the record in this case. There is no bill of exceptions.

We find no error in the record and the judgment is affirmed.

Affirmed.

#### On Rehearing.

■■ The application for rehearing in this case is stricken. It was not filed within the fifteen days as the rule requires. The unqualified requirement of Rule 38 is that applications for rehearing must be filed with the clerk within fifteen days after rendition of the judgment. The mere mailing or posting of an application is not a compliance with the rule. It must be filed with the clerk within the period stipulated. As stated in the case of In re State, **ex rel.** Attorney General, 185 Ala. 347, 64 So. 310, 311: "The mail must and could only be the agent or agency of the party applying for rehearing. If there be delay in the transmission of the application by the mail, however free from fault or negligence the applicant may have been, it cannot be said that he has complied with this very necessary and wholesome provision of the rule. In mailing or otherwise transmitting the application, the chance of miscarriage or delay is a contingency, the happening of which the applicant must

assume. Such miscarriage or delay will rarely occur; but when they do it * * * cannot be affirmed that seasonable, proper posting answers the prescription of the rule. This application for rehearing was so seasonably and properly posted as that in due course it should have reached the clerk on July 4, 1913, the last day, on which it could have been seasonably filed with the clerk. It did not reach him within time. After full consideration the court must therefore decline to disturb its order of December 8, 1913, striking the application on that account." See also, Taylor v. Lunsford et al., 26 Ala.App. 127, 154 So. 608; Grand Lodge K. P. of North America v. Walker, 26 Ala.App. 132, 154 So. 827; Brandon v. State, 27 Ala,App. 321, 331, 173 So. 240.

■ Moreover, the purported application for rehearing in this case is based upon three separate and distinct grounds all of which are dehors the record. It nowhere appears that either of said grounds are founded upon truth and fact. As stated in the original opinion, this appeal was here submitted upon the record proper, without a bill of exceptions. Hence, there is nothing to sustain ground (1) of the application to the effect, "That this court erred in holding that the trial court was correct in refusing to grant appellant's motion for a new trial." We have made no such holding, for the very good reason no such question has been presented for our consideration. This also applies to ground (2) of the application, wherein it is insisted "that the preponderance of the evidence was in favor of defendant, and he was entitled to the general charge." The general charge was not requested by defendant, and no evidence adduced upon the trial of this case in the court below has been submitted to this court for consideration, therefore ground (2) supra, is not predicated upon truth or fact. Ground (3) to the effect "that the evidence was insufficient to sustain a conviction," is also dehors the record and is not based upon truth or fact.

Assiduity of an attorney in behalf of his client is commendable and to be applauded. It is the high duty of an attorney to devote his ability, skill and diligence, along ethical and professional lines, to the interest of his client; but such duties do not contemplate or extend to the intentional invoking of the rulings of the court based upon fallacious, misleading, deceptive or false promises. Such conduct upon the part of counsel is not conducive of engendering that high degree of respect and confidence which should always exist between bench and bar.

For the reasons stated, the application for rehearing is stricken.

Application stricken.