2 So.2d 453

### CHILDS et al. v. JULIAN et al.
### 8 Div. 9.

Supreme Court of Alabama.

April 17, 1941.

Rehearing Denied May 22, 1941.

S. A. Lynne, of Decatur, for appellants.

E. W. Godbey, of Decatur, for appellees.

THOMAS, Justice.

The pleadings were for the sale of real properties of joint owners and for accounting.

The appeal was from a final decree setting up and settling the equities of the respective parties and referring matters of fact touching the various interests, equities and liabilities of the joint owners to the register for further report to the court. Such decree was final and supports an appeal. Murphy v. Merchants Nat'l Bank of Mobile, 240 Ala. 688, 200 So. 894.

The decree of the trial court is challenged in respect to (1) charging E. P. Childs with waste as to the sale of timber and failure to use due care to prevent deterioration of structures on the land in excess of ordinary wear and tear; and (2) in the provisions for homestead and dower.

This court has declared that family agreements by parties who are sui juris, not affected with deception or fraud, with a full understanding of the facts dealing with the common properties, are favored. Such was the decision by Lord Chancellor Hardwicke in Ireland v. Rittle, 1 Atkyns, 541, case 256; Neale v. Neale, 15 Eng.Ch. Rep. 673; Betts et al. v. Ward, 196 Ala. 248, 72 So. 110, and cited with approval in Hazen v. Barnett, 50 Mo. 506, and Freeman on Cotenancy and Partitions, § 402; Yarborough's Adm'r v. Avant, 66 Ala. 526, 631; Oliver v. Williams, 163 Ala. 376, 50 So. 937; Hollis et al. v. Watkins, 189 Ala. 292, 66 So. 29.

The foregoing as touching a family agreement of partition of common properties followed by the possession of respective parties have analogy to the case at hand.

Under the evidence it appears that the common ancestor, J. M. Childs, was heavily involved at the time of his death by way of a mortgage on all of his real properties to the Federal Land Bank and to creditors generally, including the debts incurred during his last illness.

The properties of the ancestor were by common consent and in good faith turned over to E. P. Childs for the purpose of his carrying out a written will of the ancestor which was not probated, it not being thought necessary to probate the same.

The insistence of appellants is that in good faith Mr. E. P. Childs, a tenant in common with his brothers and sisters, privies in blood and with the widow, undertook to carry out the wishes of his father's will and that in such effort he should not be held liable for waste; that he was not a tort-feasor and that the widow was entitled to the possession of these lands until an appropriate order of the court was made determining her homestead and dower rights and that E. P. Childs was acting in line with her wishes as to the lands in question.

The subject of damages by or with the consent of a life tenant was dealt with in the recent decision of Guest v. Guest, 234 Ala. 581, 176 So. 289, 292, wherein it was held that in an action to recover damages to reversionary interest in a piece of land by cutting and destroying standing timber, proper deference must be shown to the judgment of a cotenant in possession and in management of the property partly his own; that a life tenant has the right to cut timber for the purpose of clearing land provided the part cleared with that already prepared for cultivation as compared with the remainder of the tract does not exceed proportion of cleared to woodland "usually maintained in good husbandry," and provided that such clearance does not materially lessen the value of the inheritance; that a life tenant and co-operating remaindermen are properly held accountable to the other remaindermen for the difference between the reasonable market value of sale of timber from the land cleared in a proper case and the reasonable market value of the contract price required and paid in fitting the land for cultivation.

When looking to this record and the evidence the attention of this court is invoked to the end that it is not full and complete in the absence of the Childs' Map,

the photostatic depositions of Kirby and the noted depositions of C. L. Peck, taken May 6, 1938, on all of which evidence submission was had. It is the rule in this jurisdiction that when the record is incomplete by the omission of material exhibits before the trial court, there is nothing for review that is materially affected by the omitted exhibits or maps. American Life Ins. Co. v. Carlton, Ala.Sup., 198 So. 1; Gay v. Stewart, 239 Ala. 428, 195 So. 285; Taylor v. Hoffman, 231 Ala. 39, 163 So. 339. However, the "Childs' Map" was before the trial court and is exhibited to this court. We observe from the description in the pleading and mortgage to the land bank that a proper description can be employed in the final decree of sale of the tract of land of which the ancestor died seized and possessed. It results that the provisions of the decree as to providing an abstract, if such was necessary to a sale, was without error. This because the abstract in possession of the Federal Land Bank of New Orleans is not readily accessible to the trial court.

It is declared in Williams v. Anthony, 219 Ala. 98, 121 So. 89, and Teal v. Chancellor, 117 Ala. 612, 23 So. 651, that when a decedent is alleged to owe no debts and no personal representative has been appointed, there being no necessity for same, the chancery court will take jurisdiction to settle disputes and distribute the estate among those entitled to receive the same, and to settle and adjust all controversies between the heirs and distributees, equalizing all shares of each to the other. Howell v. Ward, 230 Ala. 379, 161 So. 487.

It is further the declared rule in this jurisdiction that a chancery court having taken jurisdiction in such an estate may duly ascertain, set apart and declare the homestead exemption and the dower rights of the widow. Howell v. Ward, supra; Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623; Stokes v. Stokes, 212 Ala. 190, 101 So. 885; Leddon v. Strickland, 218 Ala. 436, 118 So. 651. See Code 1923, § 7427 et seq., Code 1940, Tit. 34, § 40 et seq., as to the right of dower.

It is further well established that the widow was entitled to the possession of the dwelling where the husband most usually resided, and the plantations connected therewith, as a part of her quarantine right, until her homestead and dower rights are assigned and her occupancy and

use thereof are free from the payment of rents. Whitehead v. Boutwell, supra; Yarbrough v. Yarbrough, 200 Ala. 184, 75 So. 932; Sandlin v. Anders, 210 Ala. 396, 98 So. 299.

As to the rights of the widow and cotenants, the decree was:

"It is further ordered, adjudged and decreed that the mortage of J. M. Childs and Ida E. Childs to said Land Bank be foreclosed; * * *; that the lands therein comprised be sold at public outcry at such time and place as the court may hereafter decree, and that the lands that may be ascertained to form the homestead 160 acres, if any, be sold separately from the other land. Then, if all said lands bring an excess over and above the said mortgage debt to the Federal Land Bank, and costs, the proceeds of all the lands determined to constitute the homestead of the widow shall pay that part of the said Federal Land Bank Mortgage debt, interest, and court costs which the said proceeds of the homestead may bear to the entire proceeds of the sale of all the lands; but no part of the proceeds of the sale of the homestead or dower lands shall be exempt from subjection to the said Federal Land Bank mortgage, court costs, etc., to the extent that such proceeds may be required in connection with the proceeds of the said non-homestead lands to pay off and satisfy said mortgage indebtedness, court costs, etc., in full.

"It is further ordered, adjudged and decreed that the widow, Ida E. Childs, having waived her dower interest in all the lands as against the mortgage to the Federal Land Bank of New Orleans, is dowable of one-third of the non-homestead landed interests not subjected to the said mortgage, costs, etc., and that she is entitled to the present worth for the period of her life expectancy of one-third of the net proceeds of the non-homestead lands remaining after subjecting a proper part thereof to said Federal Land Bank mortgage."

■ Appellants urge error in respect to the parts of the decree affecting the widow's right, in that the widow had the right under the decision of Howell v. Ward, supra, of marshaling assets and securities to save her homestead right. Code 1923, §§ 7919, 7943, Code 1940, Tit. 7, §§ 662, 688; Ticer v. Holesapple, 226 Ala. 271, 146 So. 614, 615. The mortgage

covered the homestead and non-homestead lands, and the mortgagor's widow was entitled to have equity of redemption in the entire encumbered property sold, and proceeds of not exceeding $2,000 decreed to her in lieu of her homestead, where it appeared from the circumstances that the homestead right would be of no value in excess of the encumbrances, unless the burden was imposed on the other lands covered by the mortgage. Of this the court said in Ticer v. Holesapple, supra,

"It is well settled that, ordinarily, the homestead of the decedent becomes the homestead to which his widow is entitled. In no case can it exceed 160 acres in area, nor $2,000 in value. The value, however, is determined by the interest of decedent in the same at the time of his death. If encumbered, the amount of such incumbrance is to be deducted in appraising the value of the homestead. * * *

"Under the averments of this bill, a homestead of 160 acres laid off from the homestead tract would have no value in excess of the incumbrance, unless the burden of the incumbrance be first imposed upon the other lands covered by the mortgage. We need not consider what equitable rights, if any, the widow might have against the mortgagee in this regard. The heirs and creditors of the estate could not profit by any such indirect procedure. Under the facts alleged, the widow has a homestead right, not exceeding $2,000 in value, in whatever equity there may be in this real estate as a whole; * * *."

■ Thus the rule as to a mortgaged homestead was settled to the effect if the homestead tract was encumbered, the amount of such incumbrance is to be deducted in apprising the value of the homestead and to the extent of the incumbrance, the right of the widow to the full allowance of her homestead provided under the statute is to be awarded from the other lands of decedent. In this respect, in the case at bar, the decree of the circuit court was free from error.

■ As to the provisions of the decree touching the widow's dower rights, we find no error.

■ As to the provisions of the decree touching waste that is charged to E. P. Childs for the proximate "consequence of any unreasonable neglect on his part to use due care to prevent injury to the property by deterioration of the structures on

said lands in excess of ordinary wear and tear," we find no failure shown by the evidence on his part to make necessary repairs and, consequently, E. P. Childs should not be charged with any waste.

The decree should be corrected and modified as we now indicate, after a consideration of all the evidence: (1) The respondent E. P. Childs may not be liable for interest or penalties accruing on taxes, unless the register finds that he had moneys of the common estate in his possession out of which he could have paid said taxes before the penalties accrued; (2) respondent is not liable under this evidence for the deterioration of buildings and fences or for reasonable rentals of the lands, but only for such rentals as he was able to or did collect in the due course of the farming operations in the exercise of due diligence to same; (3) he is not liable for damages to the lands for removal of timber cut therefrom if such moneys were duly applied to the mortgage on said lands or to accord and satisfaction of taxes or reasonable improvements made on buildings; and (4) he will not be held liable for such moneys as were paid on the debts of Mr. J. M. Childs and debts incurred in his illness and death.

It is unnecessary, therefore, that the register extend the scope of the reference as ordered by the trial court beyond the foregoing inquiries.

It results that the decree of the trial court, as corrected, is affirmed. The costs of the appeal incurred in the lower court and in this court are divided between appellants and appellees.

Corrected and affirmed.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.

## On Rehearing.

THOMAS, Justice.

The application for rehearing by appellants was filed within the time prescribed by the rule. Code of Alabama 1940, Title 7, Appendix, p. 1018, Rule 38, and authorities there cited; In re State ex rel. Attorney General, 185 Ala. 347, 349, 64 So. 310; Collins v. State, 28 Ala.App. 400, 402, 185 So. 779; Wilson v. State, 28 Ala.App. 475, 187 So. 874; Code of 1923, Vol. 4, p. 891, Rule 38, and authorities there cited; Birmingham Gas Co. v. Sanders, 230 Ala. 649, 162 So. 532.

We have considered the applications for rehearing by appellees and appellants and are of opinion that the same should be overruled. The father turned the property over to the son in question and the wife and children knew of the said son's management. The fact that two of the girls did not agree to his continuance of this management does not affect the decision, as we see it, for when the whole record is viewed, he has acted as best he could under the heavy load of debt by reason of the father's mortgage to the Federal Land Bank at New Orleans, doctor, nurses and medical bills, together with the indebtedness at the bank, and the limited area of cultivation and source of income to meet the heavy obligations.

The evidence further shows that this son, at his own expense, built a house in town to which the father and his wife and nurse could be removed, and which the father occupied without paying any rent.

The evidence further shows that the wife spent in this effort the income she had from her father's estate and that she understood that the son, acting as administrator, sold a small amount of timber, after having it cruised, at a reasonable market price.

As we view the record, the son acted for the benefit of the parties immediately in interest and those ultimately concerned.

We have been furnished with several affidavits from respective secretaries of counsel of record. We will enforce the rule with reason and common sense and make the observation and hold that the leaving of a copy touching such application and brief with the personal secretary of counsel was a service thereof within the rule that obtains touching the matter, supra. Code of 1923, Vol. 4, p. 891, Rule 38, and authorities there cited.

The applications for rehearing are overruled.

GARDNER, C. J. and BROWN and FOSTER, JJ., concur.