280 So.2d 146

**Betty Jean DOUGLAS**

v.

**William Thomas DOUGLAS, Sr., alias Willie T. Douglas.**

**Civ. 102.**

Court of Civil Appeals of Alabama.

April 4, 1973.

Rehearing Denied May 30, 1973.

442

James R. Owen, Bay Minette, for appellant.

Howell, Johnston, Langford & Finkbohner, Mobile, for appellee.

BRADLEY, Judge.

The appeal is from a decree enforcing the provisions of a prior divorce decree which incorporated an agreement of the parties as to the distribution of certain jointly owned property.

The parties to this appeal were divorced by final decree of the Circuit Court of Baldwin County on August 27, 1969. The divorce decree approved and ratified a written agreement which had been previously entered into by the parties to the divorce suit. One of the provisions of said written agreement which is in contention here provides as follows:

"7. The Party of the Second Part further agrees to convey to the Party of the First Part and to each of the children five acres apiece out of the East Half of the Northeast Quarter of the Northwest Quarter of Section 14, Township 6 South, Range 3 East, Baldwin County, Alabama, in the event and only in the

event that he either sells the other twenty acres out of the common forty or that he remarries to a third party. In the event of the happening of either of the two said events he will convey to the Party of the First Part the North Half of the East Half of said Forty acres. The Party of the Second Part further agrees that in the event that he does convey said property as above provided that the said property will be free and clear of all mortgages or liens."

On June 15, 1971 appellant filed a complaint in the Circuit Court of Baldwin County alleging that appellee was in arrears in child support payments; that one of the children needed surgery; that additional support was needed for a fourth child born to appellant after the divorce but which was conceived prior to dissolution of the marriage; and that the appellee has now remarried and has not complied with Paragraph 7 of the written agreement incorporated into the final divorce decree. Appellee answered the above complaint and in doing so denied that he had remarried; subsequently he amended his answer to say that he had remarried. Also in said answer appellee asked for affirmative relief in that he sought a modification of the final decree of August 27, 1969 insofar as it required him to convey certain property to appellant and his three children. Appellee's proposed modification was for the court to ascertain a reasonable value for appellant's interest in the jointly owned forty acres and that the court would require appellant to accept payment of the reasonable value of her one-half interest in the forty acres and in return she would be required to convey her interest in said lands to appellee. Appellee pointed out there were two mortgages on the property totaling about $24,000.00.

The trial court held a hearing on these complaints and rendered a decree on all aspects of them except the property issue, which it reserved for a later ruling. The record is devoid of any later ruling on the property question raised at said hearing.

On January 7, 1972 appellant filed another complaint asserting that appellee had remarried but had not conveyed to her and the three children the property described in the final decree of August 27, 1969, and requested the court to order appellee to convey to her the property as described or, in the event that appellee is unable to convey said property, to enter an order that all jointly owned property be sold, all encumbrances satisfied and the proceeds, if any, be divided equally between those entitled to receive them.

Appellee answered by admitting his agreement as set out in Paragraph 7 of the written agreement made a part of the final decree of August 27, 1969, and that he had remarried. He now says that he is willing to pay appellant $350.00 per acre for the five acres mentioned in the final decree and that he is willing to abide by any decision the court makes as to a distribution to the three children. However, appellee says that in exchange for this he would expect appellant to convey to him her one-half interest in the forty acres jointly owned by them.

After hearing on this complaint and answer, the trial court ordered appellee and his new wife to convey to appellant the five acres mentioned in Paragraph 7 of the agreement heretofore mentioned, free and clear of any liens or encumbrances; that said appellee and his new wife convey to each of the three children five acres as directed in Paragraph 7 of said heretofore mentioned agreement subject to the encumbrances then outstanding, but such encumbrances to be satisfied at the earliest practicable time; and ordered appellant to convey to appellee her interest in and to the remaining twenty acres in the said forty acres jointly owned by them, and should she fail to do so, a deed would be made for her by the register of the court.

It is from that part of the decree requiring appellant to convey to appellee her one-half interest in the remaining twenty

acres of the forty acres jointly owned that she appeals to this court.

One of appellant's assignments of error claims that the trial court's decree of April 7, 1972 is in error.

As seen from above, the trial court's decree ordered appellee to convey certain property to his former wife, the appellant, and his three children, and required appellant to convey certain property to appellee. Apparently this was an attempt to enforce the provisions of Paragraph 7 of the agreement made a part of the decree of August 27, 1969 as requested by appellant in her petition for the rule to show cause.

The terms and directives of Paragraph 7 are not as explicit as they could have been, and as a result, the trial court was called on to construe them. In so doing, it was necessary to look at the entire agreement of the parties, the pleadings of the parties, and the evidence.

The evidence showed that at the time of the agreement the parties were joint owners of the forty acres in question. The agreement not only disposed of their interests in the forty acres, but spelled out that the appellant was to receive all the household goods and furnishings, a car, custody of the children, and a cemetery lot. The appellee agreed to furnish support for the children and to maintain health insurance policies for their benefit. The appellee also was charged with conveying the parcel of land to appellant free of encumbrances and the parcels to be set aside to the children were to have the encumbrances removed by him as soon as possible. This meant that appellee was responsible for paying off the $24,000 indebtedness which had been a joint responsibility of appellee and appellant. Both appellant and appellee had signed the mortgage on the property.

It appears from the terms of Paragraph 7 and the other provisions of the written agreement that the parties to this proceeding intended to settle their property interests in the jointly owned forty acres by dividing it in the manner outlined therein, i. e., appellant was to receive a certain described five acres out of the forty, free and clear of encumbrances, the three children were to receive five acres apiece out of the forty acres as described, subject to encumbrances which were to be removed as soon as possible, and the appellee was to receive the twenty acres in the West Half of the forty acres as described. For this, the appellee was required to pay off the mortgage on the entire forty acres.

So far as the agreement to convey the fifteen acres to the children is concerned, we have indicated that such can be done by an agreement of the parties which grows out of a property settlement incident to divorce proceedings. Johns v. Johns, 49 Ala.App. 317, 271 So.2d 514.

Furthermore, the parties in the present case were tenants in common in the forty acres in question and by agreement could partition the acreage in any fashion that they so desired. Childs v. Julian, 241 Ala. 249, 2 So.2d 453. This is in effect what the parties in this case did. Their agreement was adopted by the trial court and became a part of the original divorce decree.

After consideration of the agreement in question and the evidence contained in the record, we cannot say that the trial court erred in decreeing that the intent of the parties to this proceeding was to divide their property in the manner in which it was divided, and to reverse that court we would have to so find.

The appellant asked the trial court to enforce the provisions of the agreement, made a part of the original divorce decree, disposing of the parties' property rights. That is what the court did, and we find no error in its decree.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.