# Brown *v.* Alexander.

## *Malicious Prosecution.*

(Decided January 13, 1913. 60 South. 975.)

1. *Pleading; Different Causes; Separate Counts.*—Although the paragraphs were not numbered or otherwise separately designated, where the complaint in one paragraph stated a cause of action in Code form for malicious prosecution, and the other paragraph stated a cause of action for false imprisonment in Code form, beginning with the words "the plaintiff further claims of defendant, etc.," the complaint was not demurrable as containing two separate causes of action in the same count.

2. *Evidence; Documentary; Judicial Record.*—Where the action was for malicious prosecution, it was competent to offer in evidence the affidavit made before a judge of the Birmingham court of common pleas, charging plaintiff with perjury, the warrant for plaintiff's arrest on that charge, returnable to the judge of that court, the return showing plaintiff's arrest, and an entry on the docket of the court of common pleas showing that defendant waived preliminary hearing on the charge there made against him, and was bound over to the grand jury of the criminal court of the county, as evidence of the fact which carried the charge before the grand jury for its investigation.

3. *Malicious Prosecution; Elements.*—In an action for malicious prosecution, the plaintiff did not assume the burden of proving the truth of his testimony, given in a former proceeding, which was made the subject of the charge of perjury against him; hence, a charge asserting that plaintiff could not recover, though every material allegation of one of the counts of his complaint was sustained by the evidence to the reasonable satisfaction of the jury, if he did not go further and prove the truth of his testimony in the trial in which it was alleged he committed perjury, was properly refused.

4. *New Trial; Newly Discovered Evidence.*—A person is not entitled to new trial on account of newly discovered evidence, the existence of which he must have known before the trial.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by M. W. Alexander against W. A. Brown. Judgment for plaintiff, and defendant appeals. Affirmed.

The following charge was refused to the defendant: "(8) The burden of proof is on the plaintiff to prove

to the reasonable satisfaction of the jury that the de-fendant stated to plaintiff, or in his presence, on the occasion of plaintiff's arrest of defendant at the house of defendant on the charge of assault and battery, that he (Brown) got up out of his chair, and put one Made-line Brown out of his house, and if you do not believe from the evidence that Brown made such statement on said occasion, and that said statement was material evidence on the trial of Brown in the recorder's court, and was willfully and corruptly false, and testified to by plaintiff on the said trial in said court, then I charge you that you must return your verdict in favor of the defendant."

F. E. BLACKBURN, for appellant. Counsel analyzes the evidence and discusses the errors assigned, but cites no authority in support of his contention that the court was in error in admitting the evidence discussed in the opinion, or in refusing the charge set out in the statement of facts.

BLACK & DAVIS, for appellee. Defendant was not en-titled to a new trial, as it appeared that the newly dis-covered evidence must have been known to him at the time of the former trial.—*Simpson v. Golden,* 21 South. 991; *McLeod v. Improvement Co.,* 108 Ala. 81. The court was not in error in refusing the charge re-quested, as it not only misplaced the burden of proof, but also requires plaintiff to prove the truth of his former statement. The papers and docket entries in the court of common pleas was admissible.—*Bullock v. Ogburn,* 13 Ala. 346; *Long v. Rodgers,* 19 Ala. 321.

WALKER, P. J.—If the demurrer to the complaint upon the ground, among others, that it "contains two

separate and distinct causes of action" is to be regarded as suggesting that it contained but one count in which two separate and distinct causes of action were commingled, it is, as to that ground of objection, based upon a mistaken assumption. The complaint is divided into two paragraphs, the first of which is in the code form of a complaint for malicious prosecution, and the second of which, commencing with the words, "The plaintiff further claims of the defendant," substantially follows the code form of a complaint for false imprisonment. While the two paragraphs are not numbered or otherwise separately designated, plainly they were intended as separate counts, each embracing a distinct statement of a separate cause of action (11 Cyc. 298), and we are not of opinion that the complaint was subject to demurrer on the ground mentioned.

The plaintiff having offered in evidence an affidavit made by the defendant before I. H. Benners, judge of the Birmingham court of common pleas, charging the plaintiff with perjury, a warrant for the arrest of the plaintiff on that charge, which warrant was made returnable before the judge of the Birmingham court of common pleas, and the return made on that warrant, showing the arrest of the plaintiff under it, then offered in evidence the entry on the docket of the court of common pleas, showing that in that court the plaintiff waived a preliminary hearing on the charge there made against him, and was bound over to await the action of the grand jury of the criminal court of Jefferson county, the plaintiff's counsel stating at the time that this evidence would be followed with evidence showing the action of the grand jury on the charge, that entry was properly received as evidence of the fact which carried the charge before the grand jury for its consideration and action.

The plaintiff's right to recover in this case was not dependent upon his proving to the reasonable satisfaction of the jury that the defendant stated to the plaintiff, or in his presence, on the occasion when plaintiff arrested the defendant at the latter's house on the charge of assault and battery, that he, the defendant, got up out of his chair and put Madeline Brown out of his house. The plaintiff did not assume the burden of proving the truth of his testimony in the former proceeding, which was made the basis of the charge of perjury against him. That testimony may not have been true, and yet there may have been an absence of any probable cause for believing that the plaintiff in giving it had willfully and corruptly testified falsely. Under written charge 8, requested by the defendant, the plaintiff would not have been entitled to recover, though every material allegation of one of the counts of his complaint was sustained by the evidence to the reasonable satisfaction of the jury, if he did not go further and sustain the burden of proving the truth of his testimony in the trial of the criminal charge against the defendant. The instruction referred to was properly refused because it improperly put upon the plaintiff the burden of proving a fact not essential to the causes of action counted on.

It is earnestly contended by the counsel for the appellant that the motion for a new trial should have been granted upon the grounds suggesting newly discovered evidence, which, it is claimed, showed that the criminal proceeding against the plaintiff on the charge of perjury had not been considered by the grand jury, and that that prosecution had not been terminated by the failure of the grand jury to indict the plaintiff until after the filing of the complaint in this cause. The claim is that this newly discovered evidence shows that

the charge against the plaintiff was investigated and disposed of by the grand jury which met in the first week in January, 1912, and not by the preceding grand jury, as the evidence adduced on the trial tended to prove was the fact. The complaint in this case was filed on December 20, 1911, and the demurrer to it was filed on January 5, 1912. The defendant's own testimony showed that he testified before the grand jury in support of that charge against the plaintiff. If he did so testify before the grand jury, after he was served with the process in the present suit, then at the time he testified in the trial of this suit it was a fact within his own knowledge that the grand jury had been investigating the charge against the plaintiff after this suit was brought. He did not explain his failure during the trial to avail himself of information which at that time had already been imparted to him. Instead of his showing that he had failed to discover the fact claimed to be disclosed by the newly discovered evidence, though he had exercised due diligence in the preparation of his defense, he showed that that fact, if it was a fact, was one of which he himself must have been informed before the trial of the present suit. He did not show himself to be entitled to a new trial on the ground of newly discovered evidence.

The evidence in the case was in conflict, and the question of the plaintiff's right to recover was one for the jury. Under the familiar rules governing the review of the action of a trial court in overruling a motion for a new trial on the ground that the verdict was against the weight of the testimony, it cannot be said that it has been made to appear that there was error in such ruling in the present case.

Affirmed.