(118 So. 577)

**BANK OF COMMERCE & TRUST CO. v. J. C. PENNOYER CO. (6 Div. 161.)**

Supreme Court of Alabama. Nov. 8, 1928.

K. V. Fite, of Hamilton, for appellant.

E. L. Westbrooke, of Jonesboro, Ark., and Ernest B. Fite, of Hamilton, for appellee.

The denial of the motion for new trial in this case may well be sustained upon this ground.

Looking to the merits of the case, the evidence supported the view that such timber and bolts as were purchased by Kennedy and commingled with those cut from the claimant's lands, were purchased for claimant with claimant's funds; that all were manufactured and stacked together as one business, the title to the whole being in claimant from the beginning.

If, technically speaking, the legal title to this added stock was ever in Kennedy, and the plaintiff, a judgment creditor, was without notice of claimant's equity, the subjection of the whole as the property of the judgment debtor under the doctrine of confusion of goods, would turn on claimant's participation in such manner as subjected claimant to the law of fraudulent conveyances in dealing with the debtor's property. 12 C. J. 496.

Further discussion is deemed unnecessary. Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

BOULDIN, J. (after stating the facts as above). Plaintiff "having failed to move a continuance or postponement, and proceeded voluntarily with the trial, he was in no position, after the case was decided against him, to ask for a new trial on the ground of such alleged surprise. Having speculated upon the chances of a favorable result upon the evidence then before the court, and lost, he cannot now demand another trial that he may introduce other evidence not available to him on the first trial." This statement of the rule, frequently approved, need not be enlarged upon. Simpson v. Golden, 114 Ala. 336, 21 So. 990; Hoskins v. Hight, 95 Ala. 284, 11 So. 253; Southern Dredging Co. v. Christie, 196 Ala. 421, 72 So. 124.