(130 So. 211)

**WEBB v. WATSON.**

6 Div. 486.

Supreme Court of Alabama.

Oct. 9, 1930.

596

W. Emmett Perry, of Birmingham, for appellant.

Lamkin & Watts and Stokely, Scrivner, Dominick & Smith, all of Birmingham, for appellee.

**BOULDIN, J.**

The suit is on the common counts to recover a sum claimed to be due as broker's commission for negotiating a sale of real estate. The employment was by parol agreement.

There were two pieces of property. According to evidence for plaintiff, the fixed price for one piece was $47,500; terms, "$7,500.00 cash and the balance in five years." As to the other, price $110,000; terms "$20,000.00 cash and the balance in five years bearing six per cent. interest."

The broker negotiated a sale with a purchaser ready, able, and willing to pay the prices named, the cash payments, and the balance at the end of five years, with interest at 6 per cent. payable semiannually. The owner declined to accede to these terms as to the deferred portions of the purchase money, and no deal was closed. Whether, in view of cash payments equal to about one-fifth, and the known existence of mortgages on the more valuable piece aggregating $55,000, maturing in annual installments, a stipulation for payment of balance "in five years" meant in installments running through a period of five years, or in gross at the end of five years, as claimed by appellant, may be quite doubtful. As we understand appellant's argument in brief, we need not decide this question. He claims the right to recover on defendant's own version of the transaction.

This version is that plaintiff was to obtain a purchaser at prices named, who would make the cash payments, leaving open the terms of deferred payments, defendant agreeing to negotiate reasonable terms with such prospective purchaser.

This is far from an agreement to accept a purchaser on such terms as he and the broker should agree upon.

There is evidence that payment of one-fifth cash, with balance of principal in gross at the end of five years, was not a customary rule.

The purchaser's contract tendered to the owner called for an abstract showing a good and sufficient title, and the execution of a warranty deed. This cast upon the owner the present burden of removing the mortgages. There is no evidence that he had the legal right to pay off the mortgage of $40,000 in advance of maturity. It was to run eight years, principal payable in annual installments of $5,000 each.

Accepting defendant's version of the employment, we concur with the trial court in holding him not bound to accept the offer made. It was the duty of the broker to procure a purchaser willing to negotiate with the owner reasonable terms as to deferred payments in view of the incumbrances on the property, the amount of the cash payment, and other incidents of the transaction.

The cause being tried on oral testimony before the trial judge without a jury, his finding, accorded the weight of a jury's verdict, is supported by the evidence.

Evidence that the attorney for the owner to whom plaintiff was directed to submit the proposed contract represented his client only as attorney at law for the purpose of putting the contract with the purchaser in acceptable form, and not as an agent empowered to make contracts for his client, was properly admitted.

Immaterial evidence touching outside matters admitted to test the memory of witnesses, conceding it took too wide a range, will not be presumed injurious where the issues of fact were tried by the presiding judge.

No new trial was due plaintiff for failure to procure the testimony of the witness Kendrick. It appears plaintiff's counsel conferred with him during recess while the trial was pending, and had his promise to attend the afternoon session; that, when the defendant's evidence was closed, he was not present; that he did go to the courthouse, but left, giving the bailiff his telephone number if wanted. Not having advised the court of the situation, nor asked any opportunity to get the witness, plaintiff cannot complain by motion for new trial. That plaintiff did not know the witness had been present, nor have the information given the bailiff, does not aid the motion. If the matter had been presented to the court, presumably this information would have been forthcoming. Plaintiff assumed the risk of having his witness present on his promise and without subpœna. Conceding a right to rely on the promise, plaintiff could not remain silent, proceed without objection, and then reopen the case by motion for new trial.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.