175 So. 697

**WILLIAMS et al. v. STATE.**

8 Div. 476, 477, 480.

Court of Appeals of Alabama.

June 15, 1937.

Raymond Murphy, of Florence, for appellants.

A. A. Carmichael, Atty. Gen., for the State.

PER CURIAM.

These three motions, all involving the same propositions, are submitted and considered together. A decision of the one, of necessity, involves a like decision in the other two. As illustrative of the facts in all three motions: Luke Bates was convicted in the law and equity court of Lauderdale county on the 9th day of November, 1936, on a charge of libel. On the next day, the 10th of November, the defendant was sentenced to a term of fifty days' hard labor to pay the fine and 145 days to pay the cost, and an additional period of two months as additional punishment. On the 10th day of November, the defendant gave notice, in writing, of an appeal to this court; on January 21, 1937, the cause was continued; and on May 20, 1937, the cause was submitted by the Attorney General on a motion to dismiss the appeal; on May 25, 1937, the Attorney General's motion was granted, and the appeal was dismissed. On June 8, 1937, appellant files motion to set aside the order of dismissal and to reinstate the case on the docket and for permission to file the record in the case and for resubmission.

The other two cases hereinabove noted have the same history, except there is no order of dismissal made as yet.

Section 3248 of the Code of 1923 supplemented by Supreme Court Rule 43 provides: That when the execution of the judgment has been suspended as provided, or when an appeal is taken without such suspension, it is the duty of the clerk of the court in which the case was to make out a full and accurate transcript of the record, attach his certificate thereto, and transmit it to the clerk of the supreme court within twenty days thereafter; or within twenty days after the signing of the bill of exceptions; or if the bill is not signed and filed, such transcript must be made out and forwarded within twenty days after the expiration of the time allowed by law for the signing of the bill of exceptions.

Rule 43 of the Supreme Court supplements this by making certain requirements as to the filing of certificates of appeal by the clerk, not necessary here to be noted.

The foregoing rules give ample time to all parties litigant to prepare and present their appeals to this court, and to the Supreme Court. Attorneys should familiarize themselves with such rules, so as to perfect appeals within the time required by law.

Rules of practice in the courts are adopted and promulgated to the end that there may be a due and orderly administration of justice, without undue delay in the final determination of causes. In the case of Rivers et al. v. State, 13 Ala.App. 362 et seq., 69 So. 387, 389, will be found a full discussion by Brown, Judge, who was at that time a member of this court, in which he concluded:

526

"A rule of court that the court itself does not enforce, but leaves compliance with it optional, ceases to be a rule. * * * And it might be added that a court that refuses to be bound by its own rules may expect others to disregard them." Both this court and the Supreme Court have shown a firm disposition to enforce these rules. Henderson v. Tennessee C., I. & Ry. Co., 190 Ala. 126, 67 So. 414; Pratt v. Birmingham Ry., L. & P. Co., 191 Ala. 638, 68 So. 151; Lampley v. State, 6 Ala.App. 23, 60 So. 415.

In Chandler v. State, 12 Ala.App. 287–291, 68 So. 536, 538, Brown, Judge, has to say: "It is, as insisted in brief by the Attorney General, the duty of attorneys practicing in appellate courts to familiarize themselves with the statutory provisions and rules governing appeals, and substantially comply with appellate procedure as regulated thereby, and appeals are subject to be dismissed on timely motion for failure to comply with the rules of practice." And in Lampley v. State, supra, De Graffenried, Judge, adheres to the same rule.

▉ The appellants in the foregoing motions have offered no legal excuse, which would justify this court in ignoring the rule hereinabove set out. And for that reason, the motions hereinabove noted are overruled.

Motions overruled.

Appeals dismissed.