17 So.2d 547

## BONNER v. STATE.
### 8 Div. 375.

Court of Appeals of Alabama.

ı 21, 1944.

......ng Stricken April 11, 1944.

Russell W. Lynne, of Decatur, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

■ There is no semblance of merit in the one point insisted upon to effect a reversal of the judgment of conviction from which this appeal was taken.

The record speaks for itself, and discloses that this prosecution was begun on the 23rd day of April, 1943, and was based upon a sworn complaint or affidavit of W. T. Willoughby, made before the judge of the court wherein the prosecution was begun. The affidavit in form and substance met every requirement of law and bears the following: "Sworn to and subscribed before me on this 23 day of April 1943. J. H. Crow, Jr., Judge."

■ Effort to impeach the record by means of bill of exceptions is not available, for the law is, where there is conflict between the record proper and the bill of exceptions, recitals in record proper must control.

The judgment of conviction from which this appeal was taken is in all things affirmed.

Affirmed.

### On Rehearing.

■ The purported application for rehearing in this case shows upon its face a flagrant noncompliance with Supreme Court Rule 38, Code 1940, Tit. 7 Appendix which provides, among other things, * * * "applications for rehearing must be filed with the clerk * * * within fifteen days after the rendition of the judgment * * * and * * * no application shall be received or filed which is not presented in strict compliance with this rule." Here the judgment of this court, affirming the judgment of conviction in the lower court, was rendered on March 21, 1944; the purported application for rehearing was received by the clerk of this court on April 7, 1944, which was more than fifteen days, after the rendition of the judgment aforesaid.

■ The writer is of the opinion that earnest counsel for appellant was laboring under the impression that the mailing of the application within the required time was the equivalent to the receipt of the application for rehearing by the clerk. In this, counsel for appellant was mistaken. The appellate courts of this State have so held and announced in innumerable decisions, and in this connection have had the following to say: "As appears, the unqualified requirement of the rule is that applica-

tions for rehearing 'must be filed with the clerk * * * within fifteen days after the rendition of the judgment.' Manifestly the posting of an application, properly addressed, is not a compliance with the rule. It must be filed within the period stipulated. The mail must and could only be the agent or agency of the party applying for rehearing. If there be delay in the transmission of the application by the mail, however free from fault or negligence the applicant may have been, it cannot be said that he has complied with this very necessary and wholesome provision of the rule. In mailing or otherwise transmitting the application, the chance of miscarriage or delay is a contingency the happening of which the applicant must assume. Such miscarriage or delay will rarely occur; but when they do it * * * cannot be affirmed that seasonable, proper posting answers the prescription of the rule." In re State ex rel. Attorney General, 185 Ala. 347, 64 So. 310, 311; Collins v. State, 28 Ala.App. 400, 185 So. 779, and cases cited.

From what has been said the purported application for rehearing is due to be stricken. It is so ordered.

Application for rehearing stricken.