29 So.2d 577

**NATIONAL LIFE & ACCIDENT INS. CO. v. CURTIN.**

**7 Div. 873.**

Court of Appeals of Alabama.

Feb. 25, 1947.

Application for Rehearing Stricken
March 18, 1947.

L. B. Rainey, of Gadsden, for appellant.

Rains & Rains, of Gadsden, for appellee.

HARWOOD, Judge.

This is an appeal from a judgment below entered against appellant company in a suit on a non-participating industrial policy of life insurance on the life of Minnie Lee Curtin, wife of the appellee. The policy was issued November 4, 1940, and the insured died on December 28, 1941. Frank Curtin, husband of the insured, and the appellee in this case was named as beneficiary. The case was tried before the court without a jury.

No plea was filed, but it is apparent from the evidence introduced that the case was tried on the theory that the insured was not in sound health, due to high blood pressure, on the day of the issuance of the policy, which contained a stipulation that no obligation was assumed by the company if the insured was not in sound health on the date of the policy.

■ Parties in a suit at law may by acquiescence or the introduction of evidence waive formal pleading, and form their own issues on the evidence introduced. Miller v. Bryant, 25 Ala.App. 564, 151 So. 362, certiorari denied 227 Ala. 570, 151 So. 366; Manufacturers Finance Acceptance Corporation v. Autrey, 228 Ala. 149, 153 So. 181.

■ Only two assignments of error are insisted upon and argued by appellant's counsel in his brief, and we confine our opinion to such assignments. Supreme Court Rule No. 10, Code 1940, Tit. 7 Appendix; New York Life Insurance Co. v. Mason, 236 Ala. 44, 180 So. 775; Louisville & Nashville R. Co. v. Holland, 173 Ala. 675, 55 So. 1001.

The first is that the court erred in receiving in evidence a card signed by Dr. Burt McCord on October 23, 1940 certifying that to the best of his knowledge and belief, Mrs. Frank Curtin, of Gadsden, Ala., was on that date in a state of normal good health, but that under the meaning of said statement if the applicant was suffering from pregnancy, infectious disease, hypertension, cancer or any physical ailment, which in the opinion of the physician, makes the applicant a greater than average Insurance Risk, the applicant is judged to be not in a state of normal good health.

This certificate was addressed to the Gulf States Steel Company Y. M. C. A., and was labeled a Family Protective Insurance Health Certificate.

Mr. Frank Curtin, husband of the insured, had before the introduction of the above card testified that the insured had, a few days before Dr. McCord's examination, applied for the policy herein sued for, and as examining physician for appellant company Dr. McCord visited insured's home and examined her in connection with her application for insurance with appellant company and at the same time examined her for the Gulf States Steel Y. M. C. A. Family Protective Insurance. After completion of his examination he gave Mrs. Curtin the above described card.

Appellant's counsel argues here that the above card was inadmissible because it was not addressed to the appellant company, and also because it was made out for Mrs. Frank Curtin, and not to Minnie Lee Curtin.

We think it is clearly inferable from the testimony of Mr. Curtin, husband of the insured, that Mrs. Frank Curtin, mentioned in the certificate, and Minnie Lee Curtin were one and the same person.

■ Since Dr. McCord was the physician designated by the appellant to examine Mrs. Curtin, and since only one examination was made by Dr. McCord, though in connection with both the policy issued by appellant, and also the Gulf States Steel Y. M. C. A. policy, the relevancy of Dr. McCord's report of this examination made to the Gulf States Steel Y. M. C. A. is in our opinion obvious, and such card report was correctly admitted by the court.

It might be noted that after the appellant, defendant below, had introduced in evidence in the trial below, the application of the deceased for the policy on which this suit is based, the appellant then offered in evidence, and same was received in evidence without objection, the medical examiner's report made by Dr. McCord in connection therewith, this report appearing on the opposite side of the exhibit offered by the defendant below. In this medical report, bearing the same date as the Gulf States Steel Y. M. C. A. card, Dr. McCord certified that he had on October 23, 1940 examined Minnie Lee Curtin, and that she appeared in good health; that there was no physical defect or infirmity, and that he did not detect any disease of any kind.

The second assignment of error argued by the appellant is that the court erred in denying his motion to set aside the judgment rendered because of newly discovered evidence.

This alleged newly discovered evidence was brought to appellant's attention when Dr. Grimes, a witness for the appellant, testified that at the time he treated Mrs. Curtin in 1939 she was suffering from high blood pressure, and that outside of high blood pressure she was in good con-

dition. Dr. Grimes said that Mrs. Curtin had one or two other doctors treat her during this same time, and named Dr. Finney as being one of the other doctors.

The appellant did not move for a continuance, nor otherwise take any move toward securing the testimony of Dr. Finney.

The grounds of the motion of appellant to set aside the verdict because of newly discovered evidence were as follows:

"For that the defendant discovered new testimony during the trial of the cause of which defendant had no prior knowledge, was not available to the defendant during the trial nor previous thereto, and defendant avers that it was diligent in its efforts to obtain all the evidence in its behalf; that the newly discovered testimony is material to the defendant in the trial of this case, and is, and was obtained, as follows, viz: The witness, Dr. O. R. Grimes, testified in the trial that other doctors were treating the insured, Minnie Curtin, prior to and along about the time the said Minnie Curtin made application for insurance with defendant; and defendant further avers that immediately after the rendition of said judgment it obtained from Dr. O. R. Grimes the further fact that Dr. J. O. Finney and Dr. James Hicks, both now in the army and were prior to and at the time said cause was tried, are the doctors who treated said Minnie at the times aforesaid.

"Movant further avers that at the time said Minnie Curtin made application for insurance with the defendant she knew at the time she had very high blood pressure at approximately 240, and the records and facts so disclose, and of this the defendant had no knowledge and only discovered a clew to these facts during said trial."

At the hearing on the motion to set aside the judgment Dr. J. O. Finney testified that he saw Mrs. Curtin while she was a patient in a hospital in Gadsden from the 10th to the 16th of April 1939. His examination revealed a patient "slightly obese, apprehensive and slightly overactive, who did not look ill. Her blood pressure was 260 plus over 150." His examination was not otherwise remarkable. Dr. Finney said that the state of Mrs. Curtin's blood pressure at the time of his examination was dangerous and liable to result in death, though he had no record as to the prognosis in this case. The patient stated to him at the time of his examination that she had been found to have extremely high blood pressure when examined a year previously.

In reply to an inquiry by the court Dr. Finney stated that blood pressure frequently fluctuates, and that it was possible that Mrs. Curtin's blood pressure was normal or around normal on the day she was examined by Dr. McCord.

The newly discovered evidence upon which a party seeks a new trial must have been discovered since the original trial. Baker v. Boon, 100 Ala. 622, 13 So. 481; Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; Bank of Commerce & Trust Co. v. J. C. Pennoyer Co., 218 Ala. 327, 118 So. 577; Webb v. Watson, 221 Ala. 595, 130 So. 211. If such evidence was not discovered until the case was called for trial, or during the trial, the party at interest must have moved for a continuance, or taken such legal steps as the circumstances required to procure such evidence. Otherwise he is in no position to assert surprise at such new evidence thus brought to light. Fries v. Acme White Lead & Color Works, supra, and cases therein cited; Webb v. Watson, supra; Mutual Building & Loan Association v. Watson, 226 Ala. 526, 147 So. 817; B. P. McDuffie & Sons v. Weeks, 9 Ala. App. 282, 63 So. 739.

We think the above principles decisive that no error of which he is in position to complain resulted to appellant from the court's action in denying his motion to set aside the judgment rendered because of newly discovered evidence. We therefore pretermit any consideration or discussion as to whether appellant was nondiligent in failing to discover such evidence before the trial, or whether such evidence was merely cumulative in substance.

Affirmed.

54

On Rehearing.

PER CURIAM.

The opinion of this court in this case was rendered on February 25, 1947. Appellant's application for rehearing, contained in an envelope postmarked Gadsden, Alabama, 3 P. M. March 12, 1947, was not received by the Clerk of this court until March 13, 1947, which was sixteen days after the rendition of the judgment.

Rule 38 of the Supreme Court, Code 1940, Tit. 7 Appendix, requires that all applications for rehearings must be filed with the Clerk of the court, accompanied by brief for the appellant and a certificate by counsel that a copy of such brief has been delivered to opposing counsel, within fifteen days after the rendition of the judgment.

 Posting of the application, properly addressed, is not a sufficient compliance with the rule. It must be filed in this court within the period stipulated. Bonner v. State, 31 Ala.App. 369, 17 So.2d 547; Collins v. State, 28 Ala.App. 400, 185 So. 779, and cases therein cited; Mills v. State, 27 Ala.App. 530, 175 So. 699; Williams v. State, 27 Ala.App. 525, 175 So. 697.

The application for rehearing in this cause not having been timely filed within the requirements of Supreme Court Rule 38 is stricken.

Application stricken.