HOLMES, Judge.
This is a workmen’s compensation case.
The Circuit Court of Mobile County awarded the employee permanent partial disability benefits. The employer through able counsel appeals and we affirm.
The dispositive issue on appeal is whether there is any evidence to support the trial court’s finding that the employee’s earning capacity after his injury was $110 per week.
In workmen’s compensation eases the trial court’s finding is conclusive if there is any evidence that will support it. Legg v. Americold Compressor Co., 336 So.2d 1121 (Ala.Civ.App.1976). This court can consider neither the weight of the evidence nor the propriety of the trial court’s finding of fact. Our inquiry is limited to a determination of whether there is any evidence to support the trial court’s finding. Tidwell Industries, Inc. v. Kennedy, 410 So.2d 109 (Ala.Civ.App.1982).
Viewing the record in light of the above, this court finds that there is evidence to support the trial court’s finding.
The -employee fell from a roof while working and sustained a fractured vertebra. Prior to his injury the employee earned an average of $150 weekly.
After the employee reached maximum medical recovery, he worked at various jobs such as cashier, waiter and cook, and other odd jobs.
The employee has pain from his injury while sitting, standing, and walking. His range of movement is restricted and he cannot safely lift more than twenty to twenty-five pounds. The employee can expect to suffer pain from his back indefinitely; most likely his condition will worsen. The employee may possibly need surgery in the future.
The employee’s employment history, both before and after his injury, shows an average work week of twenty-five to thirty hours. The employee’s average wage for a fourteen-week period after his injury was approximately $170 every two weeks. The employee has a high school education, has no special skills, and he has always worked at manual labor or unskilled jobs. There is evidence that the chances are that whatever the employee’s future prospects, he will most likely earn minimum wage.
*120 Considering the employee’s twenty percent permanent partial disability and the limitations or restrictions his injury places on the employee’s possibilities of employment, and his work history subsequent to the injury, we find that there is ample evidence to support the trial court’s finding of $110 per week post-injury average earning capacity.
The employee’s request that a penalty pursuant to Ala.Code § 25-5-59 (1975) be assessed against the employer is denied. See Read News Agency, Inc. v. Moman, 383 So.2d 840 (Ala.Civ.App.), cert. denied, 383 So.2d 847 (Ala.1980).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.