This is a workmen's compensation case.
In September 1985, Gary Hamm filed a complaint against his former employer, Hudson Industries, Inc., and Underwriter Adjusting Company, seeking workmen's compensation benefits for a job-related hernia allegedly sustained on February 19, 1985. This complaint was later amended to reflect the date of occurrence as February 15, 1985. The trial court denied any benefits to the claimant. His motion for new trial was also denied.
On appeal, the claimant first argues that the trial judge's decision is unsupported by the evidence.
In workmen's compensation cases, this court's inquiry is limited to whether there is any legal evidence to support the trial court's finding. Wallace Roofing Co. v. Carson Ganley,442 So.2d 118 (Ala.Civ.App. 1983). This court can consider neither the weight of the evidence nor the propriety of the trial court's findings of fact. Id.
The evidence in the record indicates that the claimant had a history of problems with recurrent hernias. He had suffered a ventral hernia in October 1983. This was surgically repaired. Subsequently, in April 1984, he suffered another hernia in the same general area of the abdomen. This, too, was surgically repaired. Then, he suffered a third hernia which was surgically repaired in February 1985.
The trial court denied the claimant any benefits because it found that, in spite of testimony to the contrary, the hernia at issue had been in existence prior to the occurrence of the accident that allegedly took place on February 15, 1985. Specifically, it found that the hernia had been in existence since December 1984.
Section 25-5-57(a)(6), Code of Alabama 1975, provides:
 "In all claims for compensation for hernia resulting from injury by accident arising out of and in the course of his employment, it must be definitely proven to the satisfaction of the court:
". . .
 "(5) That the hernia did not exist prior to the accident for which compensation is claimed."
Thus, the question becomes: Is there any evidence to support the trial court's finding that the claimant's hernia was in existence prior to the accident he alleges occurred on February 15, 1985? We find that there is.
The claimant's surgeon, Dr. Crosby, testified that the claimant visited him in December 1984, complaining of pain from a ventral hernia. According to Dr. Crosby's testimony, this is the very same hernia that was surgically repaired in February 1985 and is the subject of the current litigation. This testimony was supported by a letter, dated January 18, 1985, which was duly authenticated and admitted into evidence, wherein Dr. Crosby made the same basic statement. *Page 935 
The claimant argues, in brief, that the date at which the hernia actually came into existence is unimportant because, even if it did exist in December 1984, it was a compensable on-the-job injury. He argues that an injury which occurs subsequent to an original compensable injury is itself compensable if it is the direct and natural result of the original compensable injury. We need not decide, however, whether this principle is applicable to the hernia involved in the present case, as we can find no evidence in the record of the trial from which one can infer that the December 31, 1984 injury was a compensable job-related injury. Indeed, at trial, the claimant's counsel attempted to have excluded as irrelevant all evidence relating to any injury that might have occurred prior to the February 1985 injury for which the claimant was seeking compensation benefits.
In the final argument we must address, the claimant argues that the trial court erred in denying his motion for a new trial.
In this motion, the claimant contended that he had become aware of "newly discovered evidence" which, if it had been introduced at trial, would probably have changed the court's decision. This new evidence took the form of affidavits submitted by Dr. Crosby, the claimant, and a Hudson employee. With these affidavits, the claimant attempts to establish that the injury did, indeed, first occur in December 1984 and that it was a compensable job-related injury.
As explained by the supreme court in Welch v. Jones,470 So.2d 1103 (Ala. 1985):
 "[F]or appellant to prevail on his motion for new trial based on newly discovered evidence, he must show that the evidence at issue:
"(1) was discovered since trial
 "(2) could not have been discovered with the exercise of due diligence before trial;
"(3) is material to the issue;
"(4) is not merely cumulative or impeaching; and
 "(5) is of such a nature that a different verdict than that already obtained probably would result if a new trial were granted."
Appellant cannot meet either the first or the second prerequisite. All persons now attempting to testify by affidavit were available to the claimant both before and during the trial. In fact, all of these persons testified at trial. Even if the claimant's counsel had not been aware of the asserted new evidence, it is clear that the claimant was. One is not entitled to a new trial for alleged newly discovered evidence of which he must have himself been aware before trial.Brown v. Alexander, 7 Ala. App. 452, 60 So. 975 (1913).
Further, it is clear that the claimant's counsel should have become aware of this new evidence at least during the trial. Counsel for Hudson repeatedly cross-examined both Dr. Crosby and the claimant concerning a possible pre-existing hernia. It has long been settled that if evidence now purported to be newly discovered was discovered during the trial, the party at interest must have moved for a continuance, or taken such legal steps as circumstances required to procure such evidence. Otherwise, he is in no position to later assert that a new trial is required. National Life Accident Insurance Co. v.Curtin, 33 Ala. App. 50, 29 So.2d 577 (1947).
The granting or denying of a new trial on the basis of newly discovered evidence rests largely in the trial court's discretion. Welch, supra. The exercise of that discretion depends largely upon the credibility of the alleged new evidence. McDonald v. State, 451 So.2d 440 (Ala.Crim.App. 1984). Under the circumstances of the present case, we cannot say that the trial court has abused its discretion.
The decision of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 936