BEATTY, Justice.
We granted certiorari in this workmen’s compensation case to consider the conclusion of the Court of Civil Appeals that the trial court correctly denied petitioner’s motion for new trial based on alleged newly discovered evidence. For the reasons set out below, we reverse the judgment of the Court of Civil Appeals and remand the case with directions.
The facts of the case are set out in the opinion of the Court of Civil Appeals. Hamm v. Hudson Industries, Inc., 507 So.2d 933 (Ala.Civ.App.1986). We quote below only that portion of the opinion of the Court of Civil Appeals pertaining to the motion for new trial issue:
“In the final argument we must address, the claimant argues that the trial court erred in denying his motion for a new trial.
“In this motion, the claimant contended that he had become aware of ‘newly discovered evidence’ which, if it had been introduced at trial, would probably have changed the court’s decision. This new evidence took the form of affidavits submitted by Dr. Crosby, the claimant, and a Hudson employee. With these affidavits, the claimant attempts to establish that the injury did, indeed, first occur in December 1984 and that it was a compen-sable job-related injury.
“As explained by the Supreme Court in Welch v. Jones, 470 So.2d 1103 (Ala.1985):
“ ‘[F]or appellant to prevail on his motion for new trial based on newly discovered evidence, he must show that the evidence at issue:
“ ‘(1) was discovered since trial;
“ ‘(2) could not have been discovered with the exercise of due diligence before trial;
*937 “ ‘(3) is material to the issue;
“ ‘(4) is not merely cumulative or impeaching; and
“ ‘(5) is of such a nature that a different verdict than that already obtained probably would result if a new trial were granted.’
“Appellant cannot meet either the first or the second prerequisite. All persons now attempting to testify by affidavit were available to the claimant both before and during the trial. In fact, all of these persons testified at trial. Even if the claimant’s counsel had not been aware of the asserted new evidence, it is clear that the claimant was. One is not entitled to a new trial for alleged newly discovered evidence of which he must have himself been aware before trial. Brown v. Alexander, 7 Ala.App. 452, 60 So. 975 (1913).
“Further, it is clear that the claimant’s counsel should have become aware of this new evidence at least during the trial. Counsel for Hudson repeatedly cross-examined both Dr. Crosby and the claimant concerning a possible pre-exist-ing hernia. It has long been settled that if evidence now purported to be newly discovered was discovered during the trial, the party at interest must have moved for a continuance, or taken such legal steps as circumstances required to procure such evidence. Otherwise, he is in no position to later assert that a new trial is required. National life & Accident Insurance Co. v. Curtin, 33 Ala. App. 50, 29 So.2d 577 (1947).
“The granting or denying of a new trial on the basis of newly discovered evidence rests largely in the trial court’s discretion. Welch, supra. The exercise of that discretion depends largely upon the credibility of the alleged new evidence. McDonald v. State, 451 So.2d 440 (Ala.Crim.App.1984). Under the circumstances of the present case, we cannot say that the trial court has abused its discretion.”
In his application for rehearing in the Court of Civil Appeals, which was denied by that court, petitioner made the following request to the court, pursuant to Rule 39(k), A.R.App.P.:
“[T]o correct, modify or otherwise accept facts in evidence concerning the issue raised by Appellant in his brief dealing with the trial judge’s ruling rejecting affidavits ... which were submitted and received without objection in support of Appellant’s Motion for New Trial.”
Petitioner further asked the court to consider the following excerpt from the trial court’s order denying appellant’s motion for new trial: “The determination of propriety of a new trial is limited to the trial and will not be decided upon affidavits or evidence not heretofore submitted.’’
In his petition to this Court, petitioner contends that the above reason expressed by the trial court, for rejecting petitioner’s affidavits submitted in support of his motion for new trial, is erroneous, and that the Court of Civil Appeals erred in affirming the trial court’s order. We agree.
As petitioner correctly points out, Rule 59, A.R.Civ.P., expressly provides for the submission of affidavits when the grounds for the motion for new trial is based on affidavits. In the present case, the petitioner bases his motion for new trial, in part, on what he alleges is newly discovered evidence. While in its opinion the Court of Civil Appeals correctly states the criteria applicable to alleged newly discovered evidence offered in support of a motion for new trial, that Court erred when it thereafter presumed to engage, in the first instance, in a fact-weighing process; that is, it weighed the factual credibility of the evidence alleged to have been newly discovered, whereas, from its order, it is clear the trial court did not.
In the last paragraph of its opinion, quoted supra, the Court of Civil Appeals correctly states that “[t]he granting or denying of a new trial on the basis of newly discovered evidence rests largely in the trial court’s discretion” and “the exercise of that discretion depends largely upon the credibility of the alleged new evidence.” A further point omitted by the Court of Civil *938 Appeals is that “[t]he trial court is the factfinder in a hearing on a motion for new trial." (Emphasis added.) McDonald v. State, 451 So.2d 440 (Ala.Crim.App.1984) (cited in the opinion of the Court of Civil Appeals, supra). However, in the present case, the trial court’s order makes it clear that the trial court did not first engage in a factfinding process and then reject petitioner’s affidavits because it had weighed the credibility of that evidence and found that it failed to meet the requisite criteria set out in Welch v. Jones, 470 So.2d 1103 (Ala.1985). Rather, the trial court in this case expressly refused to consider petitioner’s affidavits, based on the erroneous conclusion of law set out in its order, namely that (to paraphrase), as a matter of law, petitioner is limited to the trial record only in finding grounds to assert as a basis for his motion for new trial. This is clearly not the law, and to disallow petitioner’s affidavits solely for this reason was an abuse of discretion and violated the petitioner’s right to have the trial court consider his evidence and the merits of his allegations under the criteria set out in Welch v. Jones, supra. See Gilmer v. Salter, 285 Ala. 671, 676, 235 So.2d 813, 817 (1970), where this Court stated the standard of review applicable to the grant or denial of motions for new trial based on newly discovered evidence:
“The granting or denying of a new trial on the ground of newly discovered evidence rests largely in the trial court’s discretion, and its order will not be reversed on appeal, unless it appears that the court violated some legal right of the appellant, or abused its discretion; the presumption being that the discretion was properly exercised....”
(Citations omitted.) (Emphasis added.)
This abuse of discretion by the trial court cannot be eradicated by the Court of Civil Appeals’ de novo review of petitioner’s evidence. That court cannot perform the factfinding role of the trial court and decide the credibility of petitioner’s allegations and evidence. An appellate court’s factual inquiry into whether the movant’s alleged newly discovered evidence meets the five-part test applicable to such evidence is proper when that court is reviewing the trial court’s findings thereon. See Welch v. Jones, supra, 470 So.2d at 1112:
“Although we agree that the issue of appellant’s due diligence is a valid and close factual one, it is for this very reason that we cannot hold that the trial court abused its discretion in finding that the appellant failed to exercise due diligence in locating this witness and securing his testimony.”
(Emphasis added.) Such an inquiry by an appellate court is also proper if the trial court made no express findings and entered an order summarily denying a party’s motion for new trial based on newly discovered evidence. This is because it is presumed that the trial court properly exercised its discretion when there is no evidence to the contrary. See Birmingham v. Toner, 251 Ala. 414, 419, 37 So.2d 584, 588 (1949), where the Court stated:
“Nor when all the circumstances are considered do we think that there was a lack of reasonable diligence in discovering the evidence before conclusion of the trial. [Citations omitted.] In arriving at this conclusion we are not unmindful of the rule in matters of this kind that such must be left to the sound judgment of the trial court. [Citations omitted.] And the presumption will be indulged that such judgment was exercised, unless it is obvious that the action of the court was palpably wrong."
(Emphasis added.)
Based on the foregoing, we hold that the Court of Civil Appeals erred in affirming the trial court’s order denying petitioner’s motion for new trial. Accordingly, we reverse and remand the case to that court with directions that it reverse the order of the trial court denying petitioner’s motion for new trial, and remand the case for the trial court to reconsider petitioner’s motion and enter an order consistent with this opinion.
*939 REVERSED AND REMANDED WITH DIRECTIONS.
All the Justices concur, except ADAMS, J., not sitting.