ON APPLICATION FOR REHEARING
THIGPEN, Judge.
This court’s judgment of November 8, 1991, is withdrawn and the following is substituted therefor.
This is a workmen’s compensation case.
The pertinent facts of this case, except for the current procedural posture, are paraphrased from the trial court’s findings of fact. On October 18, 1979, Willis Lee Daniel suffered an injury to his back while trying to lift an appliance in the fulfillment of his duties as an appliance repairman under the employ of Alabama Power Company. From 1970 until the date of the injury, Daniel was frequently absent from work due to arthritis in his back. After the injury, Daniel was seen by numerous physicians, including a local company physician, an orthopedic specialist, and a neurosurgeon, all of whom returned Daniel to work without restrictions. Daniel worked without incident from early December 1979 to late January 1980. In March 1980, Alabama Power sent Daniel to Dr. George, a second neurosurgeon. Dr. George performed a myelogram which, according to both Dr. George and Daniel’s personal physician, Dr. Gresham, failed to disclose a problem. Daniel ultimately was referred to a third neurosurgeon, Dr. Tindall, who performed another myelogram, which also failed to disclose a problem, and then a discogram, which indicated a possible disk problem. Dr. Tindall performed a discecto-my, which indicated that although the L5/S1 disk was abnormal, the “degree of bulging or stretching was not remarkable.” Dr. Tindall performed a laminectomy a year later.
The record reveals that in 1987, Daniel demonstrated abilities far greater than he had confessed to vocational professionals when he was involved in a brawl with two men. From testimony presented, the trial court found that Daniel “demonstrated the ability to bend at the waist, twist from side to side, go through a full range of upper body motion, bend, and kneel” during the brawl. The trial court stated that these abilities showed “a greater range of motion” than Daniel revealed to the vocational specialists.
The trial court held that Daniel suffered a 90% permanent partial disability by reason of the accident. On appeal to this court, the trial court’s judgment was reversed and the cause remanded for a determination of whether there was any “loss of ability to earn.” See Alabama Power Company v. Daniel, 545 So.2d 779, 780 (Ala.Civ.App.1989). On remand, the trial court entered its order reflecting that Daniel had lost 90% of his ability to earn. Alabama Power appealed and Daniel cross-appealed.
Several issues are raised on appeal: (1) whether medical causation was established; (2) whether the trial court erred in failing to deduct a percentage of disability attributable to Daniel’s pre-existing arthritic condition in awarding compensation; (3) whether the trial court erred in awarding compensation greater than the evidence supports; and (4) which party should bear the costs of litigation.
We must first note that there is conflicting testimony from the many doctors that examined Daniel regarding the source of his back problems. All of the original physicians examining Daniel testified that he had simply pulled a muscle in his back. Dr. Tindall stated in his deposition that if Daniel had a history of back problems, his condition could have “arisen out of the clear blue sky spontaneously”; however, there is also testimony from Dr. Tindall that Daniel’s back problem was con *279 sistent with a lifting injury. In the case of conflicting testimony, the trial court’s findings of fact “will be conclusive if there is any testimony to support them.” Russell Coal Company v. Williams, 550 So.2d 1007, 1010 (Ala.Civ.App.1989).
Additionally, Dr. Gresham stated in his deposition that since the time of the accident, Daniel has had a radiation of pain to his legs. The trial court also heard Daniel’s testimony regarding the cause of his back problems. “As the finder of facts, then, the trial court is authorized to draw any reasonable inference from the evidence, including conclusions of medical facts that are not within the peculiar knowledge of medical experts.” Ex parte Price, 555 So.2d 1060, 1062 (Ala.1989). A reasonable view of the evidence supports the trial court’s finding that Daniel’s back problems were caused by the lifting incident. We therefore find that the trial court did not err in this finding.
In its findings of fact, the trial court noted that Daniel’s arthritic condition affected his ability to work prior to the date of this injury. We note, however, regardless of a pre-existing condition, if the employee was able to perform his duties prior to the subject injury, no pre-existing condition is present for compensation purposes. Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App.1985). Additionally, “[preexisting conditions and diseases do not affect a compensation award if the job-related injury combined with a preexisting condition to produce the disability.” Blue Bell, supra at 1268. The record contains performance reviews indicating that Daniel had satisfactory or better job performance prior to this injury. The pre-existing condition did not prevent him from performing his duties at a satisfactory level prior to his injury, and therefore does not affect the compensation award.
Alabama Power argues that the findings of fact by the trial court do not support the amount of compensation that the trial court awarded. There is testimony from three vocational witnesses regarding the extent of Daniel’s disability. Two vocational witnesses testified that Daniel was 100% disabled and the trial court chose not to credit those opinions. A third vocational witness testified that based upon her interviews with Daniel, he was 82% disabled. She further testified that had she known of the ability that Daniel demonstrated in the brawl, she would reduce that disability to 41% or less.
Our review in workmen’s compensation cases is a two-step process. First, we must determine if there is any legal evidence to support the trial court’s findings. If such legal evidence is found, we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). In arriving at its judgment, the trial court must consider all the evidence before it, as well as its own observations. Genpak Corporation v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988). Further, the trial court is not bound by the testimony of experts. Genpak, supra. Our review of the evidence discloses that the trial court’s finding that Daniel has lost 90% of his earning capacity is supported by legal evidence, and a reasonable view of this evidence supports the trial court’s judgment.
Daniel argues that the trial court erred when it failed to tax costs against Alabama Power. The taxing of costs is within the discretion of the trial court. Ala.Code 1975, § 25-5-89. The trial court’s decision in this matter will not be overturned unless there has been an abuse of this discretion. Godwin v. Scott Paper Company, 571 So.2d 1126 (Ala.Civ.App.1990). In the instant case, we find no abuse. Therefore, the judgment of the trial court is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATIONS OVERRULED; AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.