THIGPEN, Judge.
In March 1990, Bobby F. Moore filed a complaint for workmen’s[1] compensation benefits, asserting that while he was working for Schlumberger Industries, Inc. (employer), he suffered an injury resulting in a hernia. The employer denied that the hernia was work-related. An ore tenus proceeding was held, which consisted primarily of the testimony of Moore and his attending physician, and the introduction of medical records. The trial court found that Moore had suffered a com-pensable injury and an 80% loss of his ability to earn, and it awarded benefits. The employer appeals, contending that Moore failed to present sufficient evidence to satisfy the requirements of Ala.Code 1975, § 25-5-57(a)(6), or to support the trial court’s finding regarding Moore’s loss of ability to earn.
At the outset, we note the often-quoted review process in workmen’s compensation cases as set out in Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991): “Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.”
The record reveals that while Moore was employed by Schlumberger on February 22, 1989, part of his duties involved lifting bags of material weighing approximately 60 pounds and pouring that material into machinery. Moore stated that, on that occasion, he dragged a bag of the material about 15 yards, and that when he lifted it to pour it into the machine, he felt a burning pain in his stomach as if “everything just tried to tear loose.” He testified that he then went to the restroom and vomited. Moore testified that he reported the incident to his supervisor.He completed his shift and worked approximately three additional days; however, he avoided any lifting. Thereafter, he made an appointment to see a doctor.
*820 Moore’s doctor testified by deposition that he had treated Moore for a hernia in 1988, that successful surgery had been performed, and that he released Moore to return to regular duties after a period of light duty.
The doctor next saw Moore in March 1989, as a result of the incident of February 22, 1989. The doctor testified that while the area was tender to the touch, he was unsure of a diagnosis; therefore, he kept Moore off work and referred him to another doctor. Ultimately, Moore was diagnosed as having suffered another hernia, and he underwent surgery. Moore’s doctor testified that the hernia was consistent with the lifting incident described by Moore.
The employer first contends that the evidence does not satisfy the requirements of Aia.Code 1975, § 25 — 5—5T(a)(6), which provided as follows at the time applicable to this case:
“(6) HERNIA.
“a. Proof. — For hernia resulting from injury by an accident arising out of and in the course of the employee’s employment, it must be definitely proven to the satisfaction of the court all of the following:
“1. That there was an injury resulting in hernia.
“2. That the hernia appeared suddenly.
“3. That it was accompanied by pain.
“4. That the hernia immediately followed an accident.
“5. That the hernia did not exist prior to the accident for which compensation is claimed.”
In support of its position, the employer relies largely upon medical testimony concerning Moore’s present and past hernia treatments. This testimony revealed that Moore’s doctor had previously successfully repaired other hernias suffered by Moore, and that after a short period of recovery, Moore had been returned to work without restrictions.
Regarding the February 1989 injury, the doctor testified that Moore suffered a hernia, the tear occurring along the incision of the earlier surgery, which he described as a “recurrent hernia.” In view of the fact that Moore did not seek medical treatment until March 13, 1989, following the alleged accident on February 22, 1989, and the fact that the hernia was not diagnosed until September 1989, the employer contends that it was a recurrent hernia that developed over a period of seven months and is not compensable. The evidence reveals that the treating physician could not, after several examinations, diagnose a hernia; however, after referral to another doctor and a subsequent examination, the hernia was located. The difficulty in diagnosis may be explained in the doctor’s operative notes, which state:
“Incision was deepened down to the fascia which was all scarred and much to my surprise there were multiple herniae up and down the entire length of the incision and the reason we were unable to palpate these things earlier was that the incision itself was filled with omentum and fat.”
The treating physician testified to the ultimate and difficult diagnosis of hernia, which was consistent with the events described by Moore. He further testified regarding prior successful surgeries for other hernias, and testified that following those earlier surgeries, Moore had been released to return to work without restrictions. The employer relies on our decision affirming the trial court’s denial of compensation due to a pre-existing hernia in Hamm v. Hudson Industries, Inc., 507 So.2d 933 (Ala.Civ.App.1986), rev’d on other grounds, 507 So.2d 936 (Ala.1987); however, in Hamm, there was evidence supporting the trial court’s finding that Hamm’s hernia had been in existence before his claimed injury.
There is no evidence in this case to indicate that the hernia existed prior to the claimed accident. Moore testified that after the prior surgery, he had been able to return to work and to perform his job tasks without restrictions or difficulty. If the employee was able to perform his duties before the latest injury, then no pre-existing condition was present, for compensation purposes. Alabama Power Co. v. Daniel, 600 So.2d 277 (Ala.Civ.App.1992). Moreover, we find no evidence that the employer ever disputed Moore’s testimony that in the time immediately preceding this injury, Moore was satisfactorily performing his job. Consequently, the employer’s arguments regarding any preexisting condition fail. Blue Circle, Inc. v. Williams, 579 So.2d 630 (Ala.Civ.App.1991).
*821 In view of our standard of review, we conclude that the medical testimony and Moore’s description of the injury and its pain and suddenness provide the evidence necessary to comply with Ala.Code 1975, § 25-5-57(a)(6).
Last, the employer argues that the evidence does not support the trial court’s finding of an 80% loss of earning capacity. The employer correctly notes that there was no medical or vocational testimony regarding any loss of earning capacity as a result of Moore’s hernia. Moore, however, who was approximately 64 years old at the time of the injury, testified that he retired for medical reasons, that he wears a corset all day except when sleeping, that he has problems walking and breathing, and that he cannot lift anything because of pain. His employment history reflects a career of jobs in construction, maintenance, and manual labor. This testimony is uncontradieted.
The trial court is not bound by expert testimony, but, having observed the claimant and having heard his testimony, it is able to exercise its own judgment in reaching its conclusions. See Allen v. Diversified Products, 453 So.2d 1063 (Ala.Civ.App.1984). Further, in arriving at its judgment, the trial court may consider all the evidence before it, as well as its own observations. The trial court may then interpret what it has heard and observed, according to its own best judgment. Armstrong v. Lewis & Associates Construction Co., 469 So.2d 605 (Ala.Civ.App.1984). Additionally, “the weight of the evidence ... is not before this court on appeal in a workmen’s compensation case.” Bankhead Forest Industries, Inc. v. Lovett, 423 So.2d 899, 900 (Ala.Civ.App.1982).
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.

. This case is governed by Ala.Code 1975, § 25-5-81(d), the Workmen's Compensation Act, which was in effect prior to the amendments of May 19, 1992.